Ivan GONZALEZ, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 91–5738
Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

April 27, 1992.

Stephen Finta, Ft. Lauderdale, Fla., for petitioner-appellant.

Dexter Lehtinen, Linda Collins Hertz, U.S. Attys., Dawn Bowen, and Carol Herman, Asst. U.S. Attys., Miami, Fla., for respondent-appellee.

Before TJOFLAT, Chief Judge, KRAVITCH, Circuit Judge, and GODBOLD, Senior Circuit Judge.

PER CURIAM:

This appeal concerns denial of a petition for writ of habeas corpus because petitioner failed to exhaust his administrative remedies. We affirm.

Petitioner Ivan Gonzalez was convicted on one count of possession with intent to distribute three kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. On December 29, 1988 he was sentenced pursuant to pre-guidelines law to five years imprisonment and four years of supervised release.[1]

The U.S. Parole Commission calculated a presumptive parole date of May 30, 1990.

---

1. Gonzalez appealed his conviction, challenging the district court's denial of his request for a

212

The U.S. Bureau of Prisons did not, however, release petitioner on this date, and he remains incarcerated.

In February 1991 Gonzalez filed in the district court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He asserted that because his presumptive release date had passed, he need not exhaust his administrative remedies before seeking relief from the district court.

Courts have original jurisdiction over imposition of a sentence. The Bureau of Prisons is, however, responsible for computing that sentence and applying appropriate good time credit. *U.S. v. Martinez*, 837 F.2d 861, 865–66 (9th Cir.1988). The Bureau of Prisons has established regulations that set forth the procedures that a prisoner must follow before seeking relief from a district court. *U.S. v. Lucas*, 898 F.2d 1554, 1556 (11th Cir.1990). Exhaustion of administrative remedies is jurisdictional. *Id.*

Petitioner relies upon cases in which the court resentenced a defendant. Those cases do not deal with computation of sentences by administrative agencies. *See e.g., U.S. v. Whittington*, 918 F.2d 149 (11th Cir.1990); *U.S. v. Jones*, 722 F.2d 632 (11th Cir.1983).

AFFIRMED.

supplemental jury instruction. He did not challenge his sentence. This court affirmed the conviction. *U.S. v. Gonzalez,* 886 F.2d 1324 (11th Cir. Aug. 28, 1989).