23 F.3d 407
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Joseph OTERO, Petitioner-Appellant,
v.
Daniel DOVE, Warden, Respondent-Appellee.
 No. 93-6633.
 United States Court of Appeals, Sixth Circuit.
 May 9, 1994.
 
 1
 Before: JONES and BATCHELDER, Circuit Judges, and GILMORE, Senior District Judge.*
 
 ORDER
 
 2
 Joseph Otero, a pro se federal prisoner, appeals a district court order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2241. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 From December 8, 1992, until June 1, 1993, Otero was released on a pre-trial bond. As a condition of his release, Otero was placed on a home electronic confinement program. Otero is now serving his federal sentence on an unspecified conviction. He filed his petition for habeas relief contending that he is entitled to approximately five months and four days of credit towards his federal sentence as a result of the time he spent during the home incarceration program. The case was referred to a magistrate judge who recommended that Otero's petition be dismissed without prejudice because Otero had not exhausted his available administrative remedies and because home incarceration is not considered "official detention" for the purposes of 18 U.S.C. Sec. 3585(b). Upon de novo review, the district court adopted the magistrate judge's report and dismissed the petition without prejudice.
 
 
 4
 In his timely appeal, Otero essentially contends that his petition should not have been dismissed because any attempt to exhaust his administrative remedies would be futile and there is no administrative process to exhaust. He requests oral argument.
 
 
 5
 This court's review of a dismissal of a Sec. 2241 petition is de novo. See Robbins v. Christianson, 904 F.2d 492, 494 (9th Cir.1990).
 
 
 6
 It appears that Otero feels that any attempt to exhaust his administrative remedies would be futile. Furthermore, he does not believe that any administrative appeal process actually exists. Although not a statutory requirement, it is well established by case law that federal prisoners are required to exhaust administrative remedies before filing a habeas petition under 28 U.S.C. Sec. 2241. See Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir.1992) (per curiam); Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir.1991); Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir.1981) (per curiam). The United States Bureau of Prisons has established procedures whereby a federal prisoner may seek review of a complaint which relates to any aspect of his imprisonment. See 28 C.F.R. Sec. 542.10-.16.
 
 
 7
 There is no indication from the record or otherwise that Otero has made any attempt to exhaust his administrative remedies before filing his Sec. 2241 petition in the district court. Thus, the district court did not err in dismissing the petition for lack of exhaustion.
 
 
 8
 Accordingly, we deny the request for oral argument and affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Horace W. Gilmore, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation