[PUBLISH]

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 24, 2001
THOMAS K. KAHN
CLERK

----------------------
No. 99-12234
Non-Argument Calendar
----------------------
D. C. Docket No. 99-01298-CIV-T-17-E


IVAN BOZ,

                                        Petitioner-Appellant,

        versus

UNITED STATES OF AMERICA,

                                        Respondent-Appellee.


------------------------
Appeal from the United States District Court
for the Middle District of Florida
------------------------
(April 24, 2001)


Before TJOFLAT, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

The Court vacates its opinion in 228 F.3d 1290 (11th Cir. 2000) and substitutes this opinion in its place.

Ivan Boz, an alien, filed a habeas corpus petition in which he claimed that his continued and indefinite detention after a final removal order violated his due process rights. The district court held that it lacked jurisdiction to consider Boz's petition. Because Boz has not exhausted all of the available administrative remedies, we affirm the dismissal of his petition.

I. BACKGROUND AND PROCEDURAL HISTORY

Boz, a Bahamian native, entered the United States without inspection in 1983. Boz was convicted in Florida state court in 1995 and again in 1997 of various car theft offenses; the 1997 convictions resulted in a 120-day prison sentence. After Boz served this sentence, the INS took him into custody and began deportation proceedings against him because he had been convicted of a crime involving moral turpitude. See 8 U.S.C. §§ 1227(a)(2)(A)(i). The Immigration Judge ordered Boz removed from the country, and the Board of Immigration Appeals affirmed that order on April 27, 1998.

Boz has remained in custody since some time in 1997 and has been awaiting his removal from the United States since April 1998. In June 1999, more than a

year after his removal order had become final, Boz filed a *pro se* petition for writ of habeas corpus in federal district court pursuant to 28 U.S.C. § 2241. In his petition, Boz challenged not the order to remove him from the United States, but rather his indefinite, continued incarceration in the United States. The district court dismissed Boz's petition for lack of subject matter jurisdiction, and Boz appeals.

II. DISCUSSION

The district court determined that 8 U.S.C. § 1252(g), which limits judicial review of the removal of aliens, foreclosed habeas relief in this case. We affirm the district court's determination that it lacked jurisdiction to hear Boz's appeal, but for a different reason. Consequently, we do not address whether INA § 242(b)(9), 28 U.S.C. § 1252(b)(9) removes the district court's jurisdiction to hear Boz's appeal.

The district court did not have jurisdiction to hear Boz's petition because Boz has not exhausted the administrative remedies available to him. See <u>Gonzales v. United States</u>, 959 F.2d 211, 212 (11th Cir. 1992) ("Exhaustion of administrative remedies is jurisdictional."). "The general rule is that a challenge to agency actions in the courts must occur after available administrative remedies have been pursued." <u>Haitian Refugee Ctr., Inc. v. Nelson</u>, 872 F.2d 1555, 1561

3

(11th Cir. 1989). However, a petitioner need not exhaust his administrative remedies "where the administrative remedy will not provide relief commensurate with the claim." Id.

The record before us indicates that Boz has not exhausted the administrative remedies available to him and that those remedies may provide the relief he seeks. Once an alien has been ordered removed, the INS has ninety days in which to detain the alien and remove him. See 8 U.S.C. § 1231. This initial ninety days is known as the "removal period." The Attorney General has the authority to detain an alien beyond the ninety-day removal period for a number of reasons, including if the alien has been convicted of a crime of moral turpitude. See 8 U.S.C. § 1231(a)(6), 8 U.S.C. § 1227(a)(2). Accordingly, because Boz had been convicted of a crime of moral turpitude, the Attorney General had the authority to detain him beyond the removal period.

At the time Boz filed his petition, the INS had established regulations for the review of an alien's detention beyond the removal period. See 8 C.F.R. §§ 236.1(d), 241.4 (1999). In a "Memorandum for Regional Directors" from INS Executive Associate Commissioner Michael A. Pearson concerning "Detention Procedures for Aliens Whose Immediate Repatriation Is Not Possible or Practicable," February 3, 1999 ("Pearson Memorandum"), the INS detailed its

procedures under these regulations.[1]  Upon the expiration of the ninety-day

removal period, the INS conducts an automatic review of the detainee's status.  See

id.  A detainee may be released upon a determination that he "is not a threat to the

community and is likely to comply with the removal order."  Id.  Thereafter, the

INS conducts an automatic review of the status every six months.   See id.

Additionally, at any time an alien may request in writing that he be released, and

[1]The Pearson Memorandum states in pertinent part:

8 C.F.R. § 241.4 gives the District Director the authority to make release decisions beyond the removal period based on specific criteria in the regulation as set forth below. The regulation also provides that the District Director should provide an alien with the opportunity to demonstrate by clear and convincing evidence that he is not a threat to the community and is likely to comply with the removal order. The alien may be given this opportunity in writing, orally, or a combination thereof.  The District Director must ensure that the file is documented with respect to the alien's opportunity to present factors in support of his release, and the reasons for the custody or release decision. . . . .

Every six months, the District Director must review the status of aliens detained beyond the removal period to determine whether there has been a change in circumstances that would support a release decision since the 90 day review. Further, the District Director should continue to make every effort to effect the alien's removal both before and after the expiration of the removal period. The file should document these efforts as well.
...

District Directors are advised that a detention review is subject to the provisions of 8 C.F.R. § 236.1(d)(2)(ii) if the alien submits a written request to have his detention status reviewed by the District Director. Under 8 C.F.R. § 236.1(d)(2)(iii), the alien may appeal the District Director's decision to the Board of Immigration Appeals. Where the alien has not made a written request to have his custody status reviewed, however, there is no provision for appeal of the District Director's decision to the Board of Immigration Appeals. See 8 C.F.R. § 241.4.

the District Director must "review the status of [the] alien to determine whether there has been a change in circumstances that would support a release decision." Id. The detainee may appeal the District Director's decision to the Board of Immigration Appeals.[2] See id.

At the time that he filed his habeas petition, Boz had not begun the administrative review process. Furthermore, after the INS agreed to release Boz if he posted a $5,000 bond, Boz did not appeal the bond requirement to the BIA, nor did he request subsequent review of his detention after he was unable to make

---

[2]Although we examine the exhaustion issue under the regulations applicable to Boz at the time he filed his position, we note that the INS has changed the regulations regarding detention of aliens beyond the removal period. See 8 C.F.R. § 241.4 (2000). According to the new regulations, the District Director conducts the initial custody review at the expiration of the removal period. See Id. If the director determines that the alien should not be released, then the alien will be detained pending removal or further review of his status. See id. At this point, the Director may extend by up to three months his authority to reconsider the alien's status. See id. During this additional three-month period, the alien may submit a written request to the District Director petitioning for further review of his status. See id. If the information warrants it, the Director may at that point conduct another review of the alien's status. See id.

If the alien has not been removed or released from detention after the initial review (or at the end of the extension period), authority transfers to the newly created Headquarters Post-Order Detention Unit (HQPDU). See id. HQPDU will commence a custody review within 30 days of the transfer of authority, and will conduct all further custody determinations. See id.

HQPDU first conducts a records review. See id. If the records review does not result in a release decision, the alien will be given the opportunity for a panel interview. See id. The panel will make a custody recommendation to HQPDU, which HQPDU may either accept or reject. See id. The decision of the HQPDU will be final and not subject to further administrative review. See id. If release is not granted, subsequent HQPDU will be conducted within one year, or sooner upon the alien's written request showing a material change in circumstances since the previous annual review. See id. The new regulations appear to remove any right of appeal to the BIA. See Id.

bond.  Because at the time he filed his petition, Boz had not exhausted the administrative remedies available to him,  the district court lacked jurisdiction to hear his petition.

AFFIRMED.