[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 4, 2002
THOMAS K. KAHN
CLERK

————————————

No. 00-12655

————————————

D. C. Docket No. 00-00749-CV-JEC-1

DOMINICK AKINWALE,

Petitioner-Appellant,

versus

JOHN ASHCROFT, Attorney General of the
United States, DORIS MEISSNER, Commissioner INS,
FRED ALEXANDER, District Director, JUAN
CAMPOS, Asst. District Director,

Respondents-Appellees.

————————————

Appeal from the United States District Court
for the Northern District of Georgia

————————————

**(April 4, 2002)**

Before BLACK and HULL, Circuit Judges, and LAZZARA[*], District Judge.

PER CURIAM:

_____

[*]Honorable Richard A. Lazzara, U.S. District Judge for the Middle District
of Florida, sitting by designation.

Petitioner Dominick Akinwale appeals the dismissal of his petition under 28 U.S.C. § 2241 for a writ of habeas corpus related to his detention by Respondents. After review and oral argument, we affirm the dismissal of Akinwale's § 2241 petition.

## I. BACKGROUND

Akinwale is a native and citizen of Nigeria who entered the United States in 1984 on a nonimmigrant visa and was granted permanent resident status in 1987. In 1993, he was convicted of a state controlled substance offense classified as an aggravated felony, which made him deportable under the Immigration and Nationality Act. See 8 U.S.C. §§ 1251(a)(2)(A)(iii), (a)(2)(B)(i) (1994); Akinwale v. Reno, 216 F.3d 1273, 1274-75 (11th Cir. 2000). Since October 3, 1997, he has been subject to a final order of deportation. Id. He was taken into custody by Respondents on November 17, 1999, following release from incarceration under his state sentence for heroin trafficking.

Approximately four months later, on March 21, 2000, Akinwale filed the § 2241 petition in this case, alleging that he was being indefinitely detained by Respondents in violation of federal law.[1] On April 7, 2000, a magistrate judge issued a report, which recommended that Akinwale's petition be denied because it

---

[1] The Supreme Court has concluded that "§ 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention." Zadvydas v. Davis, 533 U.S. 678, 688 (2001).

"does not present a situation involving prolonged or indefinite detention pending removal" and because Akinwale "presents no factual allegations indicating that he is being indefinitely detained pending removal." On May 8, 2000, the district court adopted the report and dismissed Akinwale's § 2241 petition.

## II. DISCUSSION

We conclude that the district court properly dismissed Akinwale's § 2241 petition on these grounds. First, the magistrate judge's report, as adopted by the district court, correctly found that Akinwale had not been held for a prolonged period of time as of the date he filed this petition. The magistrate judge observed that on the date Akinwale filed the § 2241 petition in this case, he had been in Respondents' custody for only approximately four months. Federal law authorizes aliens removable for violations of criminal law, such as Akinwale, to be detained beyond the ordinary 90-day removal period. 8 U.S.C. § 1231(a)(6); see Boz v. United States, 248 F.3d 1299, 1300 (11th Cir. 2001). The Supreme Court subsequently confirmed that six months is a presumptively reasonable period to detain a removable alien awaiting deportation under such circumstances. Zadvydas v. Davis, 533 U.S. 678, 701 (2001).[2] The Supreme Court stated that it recognized

_____

[2] The transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) apply to Akinwale's efforts to challenge his removal order. It is only Akinwale's post-removal indefinite detention claims that are governed, as in Zadvydas, by provisions of the post-IIRIRA version of the Immigration and Nationality Act. The Supreme Court in Zadvydas made it clear

the six-month period "for the sake of uniform administration in the federal courts."

Id. Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter. This six-month period thus must have expired at the time Akinwale's § 2241 petition was filed in order to state a claim under Zadvydas.[3]

Second, the magistrate judge was also correct in dismissing Akinwale's § 2241 petition because it had failed to "present any facts indicating that the INS is incapable of executing his removal to Nigeria and that his detention will, therefore, be of an indefinite nature." In Zadvydas, the Supreme Court confirmed the correctness of this ruling when it stated that "[a]fter this 6-month period, once the

---

that the only issue being addressed "is whether aliens that the Government finds itself unable to remove are to be condemned to an indefinite term of imprisonment within the United States." 533 U.S. at 695.

[3] The Supreme Court's stated rationale for establishing a presumptively reasonable "6-month period" for detention pending removal supports our conclusion that this period commences at the beginning of the removal period. See Zadvydas, 533 U.S. at 701 (recognizing that "Congress previously doubted the constitutionality of detention for more than six months"). And courts of appeal applying Zadvydas' new six-month rule have interpreted it consistent with this interpretation. See, for example, Ma v. Ashcroft, 257 F.3d 1095, 1102 n.5 (9th Cir. 2001) (interpreting Zadvydas on remand as permitting a detention period "of *six months* after a final order of removal – that is, *three months* after the statutory removal period has ended") (emphasis in original); see also United States v. Oliveros, 275 F.3d 1299, 1308 n.6 (11th Cir. 2001) (noting that Zadvydas set "presumptive limit" of "six months" for detention of an alien "ordered removed from this country"); Patel v. Zemski, 275 F.3d 299, 309 (3d Cir. 2001) (describing Zadvydas as limiting "post-removal-order detention to a period . . . generally no more than six months").

4

alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." 533 U.S. at 701. Therefore, in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. No such showing was made in Akinwale's § 2241 petition.

For these reasons, we affirm the district court's dismissal of Akinwale's § 2241 petition. Because circumstances may ultimately change in Akinwale's situation, we affirm the dismissal without prejudicing Akinwale's ability to file a new § 2241 petition in the future that may seek to state a claim upon which habeas relief can be granted.[4]

**AFFIRMED.**

---

[4] In addition to the above deficiencies in his § 2241 petition, Akinwale was taken into custody on November 17, 1999, and interrupted the running of time under Zadvydas by moving on December 3, 1999, for a stay of deportation in his prior appeal to this Court. The stay was granted on January 10, 2000. See Akinwale v. Reno, No. 99-10823 (11th Cir. 2000). Akinwale subsequently filed the § 2241 petition in this case on March 21, 2000. Thus, Akinwale, unlike the aliens in Zadvydas, chose to simultaneously challenge issues related to his removal order and his post-removal period detention. See 8 U.S.C. § 1231(a)(1)(C) (1999) (stating "removal period shall be extended . . . if the alien . . . acts to prevent the alien's removal subject to an order of removal"). Therefore, Akinwale did not have even an unencumbered month of detention prior to filing his § 2241 petition, let alone the requisite six months.