**Neville S. LESLIE, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 03–5949.

United States Court of Appeals, Sixth Circuit.

Feb. 9, 2004.

Neville S. Leslie, pro se, Ashland, KY, for Petitioner–Appellant.

Before KENNEDY, DAUGHTREY, and COLE, Circuit Judges.

### ORDER

Neville S. Leslie, a pro se federal prisoner, appeals a district court order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Leslie was convicted in the Eastern District of Virginia for conspiring to possess with the intent to distribute and to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1).

He was sentenced to 168 months of imprisonment. His conviction was affirmed on appeal and a subsequent request for relief under 28 U.S.C. § 2255 was also denied. *United States v. Leslie,* 53 Fed. Appx. 708 (4th Cir.2003); *United States v. Leslie,* No. 00–6478, 238 F.3d 416, 2000 WL 1825423 (4th Cir. Dec. 13, 2000). In his habeas corpus petition, Leslie argued that: 1) he was wrongfully convicted on an invalid conspiracy charge for which he has newly discovered evidence; 2) the indictment was defective; 3) his conviction violated the Vienna Convention; 4) he was subjected to an illegal search; and 5) his attorney was ineffective. The district court dismissed the petition because Leslie had not exhausted his available administrative remedies and because he had not satisfied the factual innocence requirement of § 2241.

On appeal, Leslie contends that the evidence was insufficient to prove that he was a member of a conspiracy, that the government engaged in vindictive prosecution, that he was subjected to an illegal search, and that his plea under Fed.R.Crim.P. 11 was not intelligently made. He also requests leave to refile his same § 2241 petition with the district court.

The district court's order is reviewed de novo. *See Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999).

■ The district court properly dismissed Leslie's petition. Under highly exceptional circumstances, a federal prisoner may challenge his conviction and imposition of sentence under § 2241, instead of § 2255, if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Id.* at 755–56. It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. *Id.* at 756.

*Charles* concluded that the courts have permitted prisoners to submit claims of actual innocence that would otherwise be barred under § 2255. *Id.* at 756–57. Because the petitioner had failed to submit a facially valid claim of actual innocence in *Charles,* the court withheld judgment as to whether a claim of actual innocence would permit a petitioner to have a second opportunity for § 2255 relief. *Id.* at 757.

Leslie has not satisfied this burden for two reasons. First, Leslie does not cite to an intervening change in the law which shows that he may be actually innocent of his crimes. Unlike other prisoners who have obtained review of their claims because they did not have a prior opportunity to present their claims on appeal or in a prior § 2255 motion to vacate, Leslie has had opportunities to challenge his conviction and sentence. The district court properly dismissed Leslie's § 2241 petition because his asserted claims do not constitute claims of actual innocence. *Id.*

Second, Leslie's remedy under § 2255 is not rendered deficient for any other reason. As the court explained in *Charles,* the remedy under § 2255 is not rendered inadequate or ineffective simply because the prisoner has been denied relief under § 2255, because the prisoner may be denied permission to file a second or successive motion to vacate, or because the prisoner has allowed the one-year statute of limitations to expire. *Id.* at 756–58. The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *Id.* at 758.

■ Finally, it is well established that federal prisoners are required to exhaust their administrative remedies before filing a habeas corpus petition under § 2241. *See Gonzalez v. United States,* 959 F.2d 211, 212 (11th Cir.1992). Leslie admits that he did not exhaust his available administrative remedies prior to filing his

petition. Therefore, the district court also properly dismissed Leslie's petition for his failure to exhaust his administrative remedies. *See Rourke v. Thompson,* 11 F.3d 47, 49 (5th Cir.1993).

Accordingly, we deny the request to re-file the original petition with the district court and affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.