[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 25, 2005
THOMAS K. KAHN
CLERK

No. 04-15145
Non-Argument Calendar

_____

BIA Nos. A79-508-365 & A79-508-366

ELIZABETH GOMEZ GAVIRIA,
JORGE ALBERTO SALDARRIAGA PARRA, et al.,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

(April 25, 2005)

Before BLACK, HULL and WILSON, Circuit Judges.

PER CURIAM:

Colombian citizens Elizabeth Gomez Gaviria, Jorge Alberto Saldarriaga Parra, and Carolina Saldarriaga Gomez (collectively Gaviria) petition for review of the Board of Immigration Appeals' (BIA's) order affirming the Immigration Judge's (IJ's) denial of asylum and withholding of removal under the Immigration and Nationality Act (INA) and the United Nations Convention Against Torture and other Cruel, Inhumane, and Degrading Treatment or Punishment (CAT). We deny the petition.

Gaviria maintains the IJ erred in denying her asylum and withholding of removal claims because the Colombian Revolutionary Armed Forces (FARC) imputed a political opinion to her by stating she collaborated with the police. Gaviria also claims she was persecuted against on account of her activities in the Liberal Party and the group she created, the Association of Merchants. The IJ determined that, although Gaviria's testimony was credible, she did not establish (1) her membership in the Liberal Party or the Association of Merchants was sufficient to establish a political opinion, and (2) there was no nexus between the problems she faced on account of the FARC and her political opinion. Thus, the IJ found she did not meet the definition of refugee under the INA, and denied her asylum and withholding of removal claims. The BIA affirmed the IJ's decision without opinion.

## I. DISCUSSION

When the BIA summarily affirms the IJ's decision without an opinion, the IJ's decision becomes the final removal order subject to review. The IJ's factual determinations are reviewed under the substantial evidence test, and we must affirm the IJ's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole.

*Sepulveda v. United States Attorney Gen.*, 401 F.3d 1226, 1230 (11th Cir. 2005) (internal quotations and citations omitted). Under this highly deferential standard of review, the IJ's decision must be deferred to as supported by substantial evidence, unless the evidence compels a reasonable fact finder to find otherwise. *Id.*

A.    *Asylum*

An alien is eligible for asylum if she is a refugee. 8 U.S.C. § 1158(b)(1). A "refugee" includes any person who is unwilling to return to, and is unable or unwilling to avail herself of the protection of, the country of her nationality or where she last habitually resided, because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1101(a)(42)(A). The burden of proof is on the alien to establish that she is a refugee. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1287 (11th Cir. 2001). An alien may establish eligibility for asylum if

3

she shows she has suffered past persecution or has a well-founded fear of future persecution.  8 U.S.C. § 208.13(a), (b).

While the INA does not define persecution, courts have generally held that persecution is "punishment or the infliction of harm for political, religious, or other reasons that this country does not recognize as legitimate."  *See*, *e.g. Tamas-Mercea v. Reno*, 222 F.3d 417, 424 (7th Cir. 2000).  "Persecution encompasses more than threats to life or freedom; non-life threatening violence and physical abuse also fall within this category."  *Id.*  Mere harassment is not persecution, and persecution requires "more than a few isolated incidents of verbal harassment or intimidation." *Sepulveda*, 401 F.3d at 1231.

An applicant is a refugee on the basis of past persecution if the applicant has suffered persecution in her country "on account of . . . political opinion," and the applicant "is unable or unwilling to return to, or avail . . . [her]self of the protection of, that country owing to such persecution."  8 C.F.R. § 208.13(b)(1). A showing of past persecution creates a presumption of a "well-founded fear" subject to rebuttal by the INS.  8 C.F.R. § 208.13(b)(1).  The well-founded fear inquiry requires the alien to demonstrate that his or her fear of persecution "is subjectively genuine and objectively reasonable." *Sepulveda*, 401 F.3d at 1231. Further, the alien must establish a causal connection between the statutory ground

and the feared persecution by presenting "specific, detailed facts showing a good reason to fear that he or she will be *singled out* for persecution on account of [the statutory ground]." *Id.* (emphasis in original). Finally, after establishing a well-founded fear of persecution, the alien must demonstrate that he or she cannot avoid the persecution by relocating within the country. *Id.*

An imputed political opinion, even if it is incorrectly attributed, can be a ground for the well-founded fear standard. *Al Najjar*, 257 F.3d at 1289. In order to prevail, the alien must demonstrate that "the persecutor falsely attributed an opinion to [her], and then persecuted [her] because of that mistaken belief about [her] views." *Id.* (internal quotations omitted). If the alien establishes the persecutor imputed a political opinion to her, the alien would still be required to demonstrate she has a well-founded fear of persecution because of that imputed opinion. *See id.*

First, Gaviria's claim she was persecuted against because she was a member of a social group, her Association of Merchants, fails because she did not exhaust her administrative remedies regarding this claim. A court may review a final order of removal only if the alien has exhausted all administrative remedies available to her as of right. *See* 8 U.S.C. § 1252(d)(1); *see e.g.*, *Boz v. United States*, 248 F.3d 1299, 1300–02 (11th Cir. 2001). Although Gaviria submitted this claim to the IJ

5

for review, she did not present her claim to the BIA for appellate review. Therefore, because she has not exhausted her administrative remedies, we will not review this claim.

Moreover, Gaviria's claim she was persecuted by the FARC because of her membership in the Liberal Party also fails because such membership is not enough to establish persecution based on political opinion, and the interior decorating Gaviria did for the Party does not constitute a political opinion. In addition, the FARC never indicated they were calling her and threatening her because of these activities, nor did Gaviria testify she spoke out to the public on behalf of the party. Therefore, Gaviria failed to demonstrate her activities for the Party and her membership in the Party constituted a political opinion, or, if the activities were a political opinion, to establish a nexus between such opinion and the threats by the FARC. *See Al Najjar*, 257 F.3d at 1289.

Additionally, Gaviria's claim the FARC imputed a political opinion to her also fails. She maintains the FARC told her they would kill her because she collaborated with the police. Although Gaviria's testimony demonstrates she went to the police officers' homes and their hospital to do some interior decorating work, and she created her Association of Merchants to protect the neighborhood merchants from the FARC, these activities do not constitute a political opinion,

6

imputed or otherwise. *See Al Najjar*, 257 F.3d at 1289. Moreover, Gaviria admitted she and her husband owned their businesses, and stated it was only after her husband started making a lot of money that the FARC contacted him. Both the 2001 and the 2002 State Department Country Reports for Colombia indicate the FARC demands business owners who have a lot of money pay them taxes or risk being kidnaped. Thus, it appears as though the FARC harassed her and her husband because neither of them would pay the FARC the taxes the FARC demanded they pay. Therefore, Gaviria has failed to establish the actions taken against her by the FARC were on account of one of the five statutory grounds, and substantial evidence exists to support the IJ's conclusion Gaviria did not prove that she met the definition of "refugee" under the INA. *See* 8 U.S.C. § 1101(a)(42)(A).

B.    *Withholding of Removal*

In a withholding of removal claim, an alien shall not be removed to a country if her life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3). The alien must show it is "more likely than not that she will be persecuted or tortured upon being returned to her country." *Sepulveda*, 401 F.3d at 1232. The withholding of removal standard is more stringent than the "well-

7

founded fear" standard for asylum; thus, if an applicant is unable to meet the "well-founded fear" standard for asylum, she generally is unable to qualify for withholding of removal. *Id.* at 1232–33.

Because Gaviria cannot prevail on her asylum claim, she is also unable to meet the stricter standards of her INA withholding of removal claim. *See id.*

C.    *Convention Against Torture*

An alien is eligible for withholding of removal under the CAT if she can establish "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2). The CAT defines "torture" as

> any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

*Id.* § 208.18(a)(1).

There is no evidence that it is more likely than not that Gaviria would be tortured if removed to Colombia. Thus, her CAT claim also fails.

## III.  CONCLUSION

The IJ did not err in denying Gaviria's asylum, withholding of removal and CAT claims.

**PETITION DENIED**.