[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 2, 2005
THOMAS K. KAHN
CLERK

No. 05-11678
Non-Argument Calendar

_____

Agency No. A77-998-394

RIJING WU,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(September 2, 2005)

Before TJOFLAT, ANDERSON and BLACK, Circuit Judges.

PER CURIAM:

On March 28, 2002, the Immigration and Naturalization Service ("INS") issued Petitioner a Notice to Appear ("NTA"), charging her with removability under Immigration and Nationality Act ("INA") § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I), for having entered the United States on March 18, 2002, without valid entry documents.[1]  Petitioner's counsel admitted that Petitioner was removable as charged.   On July 17, 2002, Petitioner filed an application for asylum and withholding of removal under the INA and withholding of removal under the United Nations Convention Against Torture, alleging persecution on account of her political opinion.

A removal hearing was scheduled for August 1, 2003, but Petitioner did not appear.  The IJ held the hearing anyway, conducting it in absentia.  Given Petitioner's previous admission of the allegations of the NTA, the IJ ordered Petitioner removed the same day, August 1.  On August 20, 2003, Petitioner through counsel moved to reopen/reconsider the inabsentia removal order, claiming that she had a stomach-related illness on the day of the hearing, which precluded her attendance, and had been unable to contact her attorney.  Attached to

---

[1]  Because Petitioner's removal proceedings commenced after April 1, 1997, the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), this case is governed by the permanent provisions of the Immigration and Nationality Act ("INA"), as amended by IIRIRA.  Gonzalez-Oropeza v. U.S. Attorney Gen., 321 F.3d 1331, 1332 (11th Cir. 2003).

her motion were medical records showing that she was under the care of a physician on August 1.

The IJ denied Petitioner's motion, stating that Petitioner had not shown exceptional circumstances to excuse her failure to appear at the August 1 hearing. Petitioner, through counsel, filed a notice of appeal with the Board of Immigration Appeals ("BIA") on October 341, 2003. Her brief to the BIA reiterated what she presented to the IJ in support of her motion to reopen/reconsider and in her application for asylum as well. The BIA summarily affirmed without opinion the IJ's decision denying Petitioner's motion to reopen/reconsider the removal order of August 1, 2003.[2] Petitioner now asks us to review the BIA's decision.

Petitioner claims that the IJ erred in finding that her failure to appear at her removal hearing was not due to exceptional circumstances. In other words, the stomach pain she experienced on August 1, 2003, and her need to see a physician that day constituted exceptional circumstances. There is no question that she was sick that day, she says, because the doctor's medical report established her illness and why she could not appear. Petitioner also claims that the IJ should have

---

[2] Where the BIA summarily affirms the IJ's decision without an opinion under 8 C.F.R. § 1003.1(e)(4), the IJ's decision becomes the final agency determination. See Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1284 n.1 (11th Cir. 2003).

granted her application for asylum because she and her family were persecuted for being Christian.

We do not have jurisdiction to review the merits of the denial of Petitioner's asylum application because Petitioner (1) did not file a timely petition for review of the IJ's removal order, see INA § 242(b)(1), 8 U.S.C. § 1252(b)(1), and (2) failed to exhaust all administrative remedies available by not directly appealing the removal order to the BIA, see INA § 242(d)(1), 8 U.S.C. § 1252(d)(1); see also Boz v. United States, 248 F.3d 1299, 1300-01 (11th Cir. 2001).

We review the denial of a motion to reopen for an abuse of discretion. Lonyem v. U.S. Attorney Gen., 352 F.3d 1338, 1340 (11th Cir. 2003). Judicial review is limited to determining "whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." Garcia-Mir v. Smith, 766 F.2d 1478, 1490 (11th Cir. 1985) (quotation omitted). The IJ and/or the BIA commits an abuse of discretion "when [the] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." Mickeviciute v. INS, 327 F.3d 1159, 1162 (10th Cir. 2003) (quotations omitted). Motions to reopen are disfavored, especially in a deportation proceeding, "where, as a general matter, every delay works to the advantage of the

4

deportable alien who wishes merely to remain in the United States." INS v. Doherty, 502 U.S. 314, 323, 112 S.Ct. 719, 724-25, 116 L.Ed.2d 823 (1992).

Any alien who, after written notice has been provided to the alien or the alien's counsel of record, does not attend a proceeding shall be ordered removed in absentia if the government establishes by "clear, unequivocal, and convincing evidence" that it gave written notice to the alien and the alien is removable under the standards set forth in the INA. INA § 240(b)(5)(A), 8 U.S.C. § 1229a(b)(5)(A). A petition for review challenging an order entered in abstentia is "confined to (i) the validity of the notice provided to the alien, (ii) the reasons for the alien's not attending the proceeding, and (iii) whether or not the alien is removable." INA § 240(b)(5)(D), 8 U.S.C. § 1229a(b)(5)(D); Lonyem, 352 F.3d at 1340. An in absentia removal order may be rescinded if, within 180 days after entry of the order, the alien moves to reopen and meets her burden of showing, among other things, that her failure to appear was because of exceptional circumstances. See INA § 240(b)(5)(C)(i), 8 U.S.C. § 1229a(b)(5)(C)(i); Tang v. Ashcroft, 354 F.3d 1192, 1194 (10th Cir. 2003) (stating that the alien bears the burden of establishing exceptional circumstances and that this is a difficult burden to meet). Exceptional circumstances include circumstances beyond the control of the alien, such as "serious illness of the alien," but do not include "less compelling

5

circumstances." INA § 240(e)(1), 8 U.S.C. § 1229a(e)(1). The BIA has suggested that "serious illness" can be demonstrated through evidence such as "[a] medical professional . . . comment[ing], in detail, on the severity of the illness of the alleged. In the alternative, [a] claim may [be] substantiated through detailed affidavits from the respondent, roommates, friends, and co-workers, attesting to the extent of [her] disabilities and the remedies used." Lonyem, 352 F.3d at 1341 (citing In re J-P-, 22 I. & N. Dec. 33, 35 (BIA 1998)).

The IJ, and thus the BIA, committed no abuse of discretion in concluding that Petitioner failed to demonstrate exceptional circumstances based on her alleged illness. In support of her claim that she suffered from a stomach illness on the day of her removal hearing, Petitioner only submitted laboratory test results from a physician dated August 4, 2003, three days after her hearing. Petitioner did not submit any statement from her doctor explaining these test results or attesting to the severity of her alleged illness on the day of the hearing. Even if these test results were explained, they could only demonstrate that Petitioner was ill on August 4, 2003, not at the time of her hearing three days earlier. As noted above, Petitioner also failed to present any further evidence of her illness to the IJ or BIA, and she does not argue, here, that such evidence exists. Hence, the BIA did not

6

abuse its discretion in denying Petitioner's exceptional circumstances claim and affirming the IJ's denial of the motion to reopen.

PETITION DENIED.