[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16271
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 15, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00143-CV-5-RS-MD

GARY STEPHEN KRIST,

Petitioner-Appellant,

versus

IKE EICHENLAUB,
Warden, Marianna Federal
Correctional Institution,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(July 15, 2010)

Before TJOFLAT, BIRCH and WILSON, Circuit Judges.

PER CURIAM:

Gary Steven Krist, a *pro se* federal prisoner, appeals the district court's dismissal of his petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. Because Krist filed his habeas petition before exhausting his administrative remedies, the district court properly dismissed his petition for lack of jurisdiction. Accordingly, we AFFIRM.

## I. BACKGROUND

On 15 April 2009, Krist filed a *pro se* petition pursuant to 28 U.S.C. § 2241, alleging that Warden Ike Eichenlaub had unlawfully denied him entry into the final component of a drug abuse treatment program, which would have made him eligible for a possible sentence reduction. R1-1. Eichenlaub placed a memorandum in Krist's file indicating that he would not be considered for treatment in a residential reentry center because, based on his prior convictions for escape and kidnapping, he was considered a significant threat to the community. *Id.* at 27. To appeal that decision, Krist asserted that he filed a request for informal resolution BP-8 on 17 March 2009, and a formal written Administrative Remedy Request BP-9 on 6 April 2009, but never received responses. *Id.* at 3. He attached a copy of his BP-9 to his habeas petition, which included a handwritten date of 6 April 2009. *Id.* at 29. In his memorandum in support of his petition, Krist argued that the district court had discretion to waive the administrative exhaustion

2

requirement, and that it should have exercised that discretion in his case because by the time he had exhausted his administrative remedies, it would have been too late to receive the drug therapy he sought. R1-5 at 3-4.

Krist later amended his petition, asserting that he had in fact exhausted his administrative remedies, and submitted an affidavit and additional documents as evidence. R1-21; R1-21-1. In his affidavit, he alleged that he hand-delivered his BP-8 to a designated prison official on 17 March 2009, and his BP-9 to the same prison official on 6 April 2009. R1-21-1 at 1. He asserted that the warden had 20 days to respond to his BP-9, and when he did not receive a timely response, he properly appealed to the Bureau of Prisons ("BOP") Regional Office on 28 April 2009, using a BP-10 form. *Id.* at 2. After being rejected, he appealed again to the BOP central office on 13 May 2009, using a BP-11 form, and was rejected again. *Id.* On 19 June 2009, Krist received a series of documents, including responses to his BP-8 and BP-9. *Id.* at 1. He asserted that the central office's rejection was the final step in the administrative appeal process, such that he had exhausted his administrative remedies. *Id.* at 2.

The attachments to Krist's affidavit included a denial of his BP-8. *Id.* at 8-10. There also appeared to be denials of two separate BP-9s, one "dated April 6, 2009," and one "receipted June 2, 2009," both denied on the merits. *Id.* at 5-7, 11.

3

However, the denial referencing the 6 April 2009 BP-9 was unsigned, undated, and did not include a case number. *Id.* at 11. There was a copy of Krist's BP-10, dated 28 April 2009, which the regional office rejected, stating he must first file a BP-9 with the institution. *Id.* at 15-18. Finally, there was also a copy of his BP-11, dated 13 May 2009, which the central office rejected, again instructing Krist to first file a BP-9 with the institution. *Id.* at 12-14.

Eichenlaub responded to Krist's petition, asserting both that Krist had not exhausted his administrative remedies, and that his petition should be denied on the merits. R1-27 at 7-11. Attached to the response was a statement from Gary Sailor, Unit Manager of Krist's prison, stating that "[w]hile it appears Petitioner may have indeed filed the April [6, 2009] BP-9, the BOP has no record of [it] being logged into its SENTRY database, nor was [it] given a tracking number." R1-27-1 at 5. There was also a computer-generated list of all of Krist's administrative remedy filings, which indicated that the only BP-9 he filed regarding this issue was received on 2 June 2009. *See* R1-27-6 at 3.

Krist replied, asserting again that he had exhausted his administrative remedies. R1-31 at 7-9. In doing so, he conceded that he "had not exhausted [his] administrative remed[ies] at the time he filed his petition," but asserted that he had since done so. *Id.* at 9.

4

The magistrate judge issued a Report and Recommendation ("R&R"), recommending that Krist's petition be denied without prejudice for failure to exhaust his administrative remedies. R1-40 at 12. The magistrate judge found that there was no record that Krist had filed a BP-9 in April, and that he had refiled it in June, after both his BP-10 and BP-11 were rejected. *Id.* at 7-8. The magistrate judge concluded that this did not satisfy the administrative exhaustion requirements, stating that "[w]hile it may seem nonsensical at first blush to require the petitioner to re-submit a BP-10 and a BP-11 after having done so, the fact of the matter is, the only BP-10 and BP-11 that were submitted were rejected on procedural grounds, without an examination of their merits." *Id.* at 8. "[I]n order for there to be complete and proper exhaustion of the merits of petitioner's claim, he should have filed appeals after the BP-9 was considered on its merits." *Id.* The magistrate judge further stated that the record appeared to include two BP-9 denials, one "receipted June 2, 2009," and one "dated April 6, 2009." *Id.* at 9-10. However, since Krist never appealed the response dated 6 April 2009, the BOP was never afforded the opportunity to consider the merits of Krist's appeal. *Id.* at 11.

Krist filed an objection to the R&R, arguing that he had already filed every appeal required by the BOP, and thus, had exhausted his administrative remedies.

R1-42 at 1-4. He further asserted that he was time-barred from appealing the denial of his BP-9, and that he was prohibited from appealing twice on the same issue, such that it was impossible for him to ever exhaust his administrative remedies. *Id.* at 4, 6-7. He argued that the BOP did have an opportunity to consider the merits of his case, since he attached his original "lost" BP-9 to his subsequent appeals. *Id.* at 5-7. He further contended that his petition should be granted because its denial would result in irreparable harm. *Id.* at 7-10.

The district court adopted the magistrate judge's R&R without further elaboration, and denied Krist's petition without prejudice for failure to exhaust his administrative remedies. R1-43.

## II. DISCUSSION

On appeal, Krist argues that the district court erred in finding that he had not exhausted his administrative remedies. He asserts that he properly submitted a BP-9 form on 6 April 2009, and that prison authorities intentionally hid the document in an effort to indefinitely delay his relief. He argues that by dismissing his habeas petition for lack of jurisdiction, the district court unconstitutionally suspended the writ of habeas corpus.

We review *de novo* a district court's denial of habeas relief under 28 U.S.C. § 2241. *Cook v. Wiley*, 208 F.3d 1314, 1317 (11th Cir. 2000). Prisoners seeking

habeas relief pursuant to § 2241 are subject to administrative exhaustion requirements. *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004). For purposes of § 2241 relief, "exhaustion of administrative remedies is jurisdictional." *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992).

The BOP has established regulations governing formal review of prisoner complaints relating to any aspect of imprisonment. 28 C.F.R. § 542.10-.19. Prisoners generally must first present an issue to institution staff, and attempt to resolve it informally. *Id.* at § 542.13. If an issue cannot be resolved informally, a prisoner must submit a formal written Administrative Remedy Request, using a BP-9 form, to a designated institution staff member. *Id.* at 542.14(a), (c)(4). If a prisoner is not satisfied with the warden's response to his BP-9, he may appeal to the BOP regional director, using a BP-10 form, and if he is not satisfied with the regional director's response, may appeal to the BOP general counsel, using a BP-11 form. *Id.* at 542.15(a). An appeal to the general counsel is the final administrative appeal. *Id.* A BP-9 form "is considered filed on the date it is logged into the Administrative Remedy Index as received." *Id.* at § 542.18. The warden must respond to a BP-9 within 20 calendar days, and if a prisoner does not receive a response within that time period, he "may consider the absence of a response to be a denial." *Id.* Only after a prisoner exhausts these administrative

remedies may he file for habeas relief in district court. *United States v. Herrera*, 931 F.2d 761, 764 (11th Cir. 1991).

Krist conceded that he did not exhaust his administrative remedies before he filed his § 2241 habeas petition in the district court. R1-31 at 9. Assuming, *arguendo*, that Krist's alleged 6 April 2009 BP-9 was properly submitted, he filed his habeas petition only nine days later, before any response regarding his BP-9 was due. *See* R1-1. He then filed his BP-10 on 28 April, and his BP-11 on 13 May, nearly one month after his habeas petition. R1-21-1 at 13-14, 16-18. Since prisoners must exhaust their administrative remedies before seeking relief in court, and Krist conceded that he did not do so, the district court lacked jurisdiction to consider his petition. *See Gonzalez*, 959 F.2d at 212; *Herrera*, 931 F.2d at 764.

Further, a BP-9 form is not considered filed until it is logged into the Administrative Remedy Index, which in Krist's case, was not until 2 June 2009. 28 C.F.R. § 542.18; R1-27-7 at 3. The warden responded within the required 20-day period, denying Krist's request on the merits. R1-21-1 at 5. To exhaust his administrative remedies, Krist was required to appeal that determination to the regional director, and then to the general counsel. *See* 28 C.F.R. § 542.15(a). Although Krist had already filed each of these appeals, they were premature, as they were filed before his BP-9 was properly filed, and before he received the

8

warden's response. As such, he did not exhaust his administrative remedies prior to seeking relief in the district court, and was jurisdictionally barred from doing so. *See Gonzalez*, 959 F.2d at 212; *Herrera*, 931 F.2d at 764.

## III.  CONCLUSION

Because Krist filed his habeas petition before exhausting his administrative remedies, the district court properly dismissed his petition for lack of jurisdiction.

**AFFIRMED.**