[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11528
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 23, 2012
JOHN LEY
CLERK

D.C. Docket No. 5:10-cv-00288-RAL-TGW

GREGORY ALAN NICHOLS,

                                                                Petitioner-Appellant,

versus

WARDEN, FCC COLEMAN - LOW,

                                                                Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 23, 2012)

Before DUBINA, Chief Judge, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

    Petitioner Gregory Alan Nichols, a *pro se* prisoner, appeals the district

court's denial of his 28 U.S.C. § 2241 habeas corpus petition.  On appeal, Nichols

argues that the Bureau of Prisons ("BOP") acted arbitrarily and capriciously in denying his request for a *nunc pro tunc* designation, and that the district court erred in not dismissing his petition without prejudice so that he could pursue further administrative relief.

Although the district court, in denying Nichols's § 2241 petition, considered the merits of his *nunc pro tunc* request, we must first decide whether the district court had jurisdiction over a final administrative decision from the BOP. We review *de novo* the availability of habeas relief under § 2241. *Dohrmann v. United States*, 442 F.3d 1279, 1280 (11th Cir. 2006). In addition, we are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005) (internal quotation marks omitted). Jurisdiction "cannot be waived or otherwise conferred upon the court by the parties." *Id.* (internal quotation marks omitted).

Pursuant to the BOP's Administrative Remedy Program, an inmate can seek formal review of any issue relating to an aspect of his confinement. 28 C.F.R. § 542.10. First, the inmate must file a written request with the warden at the institution of his confinement within 20 days of the date on which the basis for his request occurred. *Id.* § 542.14. If the warden denies the prisoner's request, the prisoner then has 20 days from the denial to appeal to the BOP's Regional

Director. *Id.* § 542.15(a). If the inmate is not satisfied with the Regional Director's response, the inmate may then appeal to the BOP General Counsel at the BOP's Central Office within 30 days of the Regional Director's signed response. *Id.* The appeal to the General Counsel is the final step in the Administrative Remedy Program. *Id.* "[P]risoners seeking habeas relief, including relief pursuant to § 2241, are subject to administrative exhaustion requirements." *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004). Exhaustion of administrative remedies is jurisdictional in § 2241 cases. *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992).

We conclude from the record that the district court did not have jurisdiction over any final decision from the BOP because Nichols did not file an appeal with the BOP's General Counsel, the final step in the administrative process. Therefore, Nichols did not exhaust his administrative remedies. Because exhaustion is jurisdictional in § 2241 decisions, we are compelled to vacate the district court's order and remand this case with instructions to the district court to dismiss Nichols's § 2241 petition.

**VACATED AND REMANDED.**