[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10089
Non-Argument Calendar
_____

D.C. Docket No. 0:12-cv-60714-KMW

STEVE AUSTIN, JR.,

Petitioner - Appellant,

versus

FEDERAL BUREAU OF PRISONS,
Designation & Sentencing Center,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 12, 2013)

Before DUBINA, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Steve Austin, Jr., appeals the district court's dismissal of his 28 U.S.C. § 2241 petition for failure to exhaust administrative remedies.  After thorough review, we affirm.

In 2011, while he was on federal supervised release, Austin was convicted in Florida state court of burglary and grand theft.  A federal district court revoked his supervised release and sentenced him to a term of federal imprisonment consecutive to his state sentence.  In 2012, while still serving his state sentence, Austin filed a § 2241 petition alleging that his federal sentence began when he was temporarily transferred to federal custody for supervised release revocation proceedings and, consequently, he was entitled to credit against his federal sentence for time spent in state custody.  The district court found Austin failed to exhaust his administrative remedies and dismissed the petition without prejudice.  This is Austin's appeal.

"We review *de novo* the district court's denial of habeas relief under § 2241."  *Skinner v. Wiley*, 355 F.3d 1293, 1294 (11th Cir. 2004).  Prisoners seeking § 2241 relief must exhaust their administrative remedies.  *Id.* at 1295.  A prisoner may "seek formal review of an issue relating to any aspect of his/her own confinement," including credit due for time served, under the BOP's Administrative Remedy Program.  28 C.F.R. § 542.10(a); *see also United States v. Lucas*, 898 F.2d 1554, 1555-56 (11th Cir. 1990).

Austin concedes that he did not exhaust his administrative remedies before filing his § 2241 petition but argues he should be excused from pursuing them. Because he was in state custody and the BOP's administrative process is unavailable to "inmates confined in . . . non-federal facilities," Austin did not seek redress through the BOP's process.[1]  *See* 28 C.F.R. § 542.10(b).  Austin urges that he should be excused from the exhaustion requirement, but we lack authority to excuse him because the requirement is jurisdictional.  *See Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992).  The district court therefore correctly dismissed Austin's § 2241 petition.

**AFFIRMED.**

---

[1] It appears that Austin is now in federal custody serving his federal sentence.  He is therefore now free to seek redress under the BOP's administrative process.