**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Christopher Hugh LUCAS, Defendant–Appellant.**

No. 89–3115
Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

April 25, 1990.

Robert P. Storch, Asst. U.S. Atty., Jacksonville, Fla., for plaintiff-appellee.

Before KRAVITCH, ANDERSON and COX, Circuit Judges.

PER CURIAM:

Christopher Hugh Lucas and a co-defendant were arrested on November 16, 1987, by a Flagler County, Florida undercover officer accompanied by an undercover agent of the federal Bureau of Alcohol, Tobacco and Firearms, after the defendants purchased and took possession of approximately one kilogram of cocaine from the undercover agents. Lucas was taken into custody by Florida authorities and did not post bond until December 17, 1987. Lucas was indicted on federal drug charges and appeared to answer a summons for arraignment on April 4, 1988. He was released immediately on an unsecured bond, with his wife signing as third-party custodian. Lucas plead guilty on July 1, 1988 to one count of possession with intent to distribute a quantity of cocaine in excess of 500 grams, in violation of 21 U.S.C. § 841(a)(1). After his plea and sentencing, Lucas remained free on bond until assignment to a federal institution. He surrendered at the institution on August 1, 1988.

In January 1989, Lucas filed a *pro se* motion captioned "MOTION FOR ORDER TO CREDIT TIME IN CUSTODY," ostensibly under the authority of 18 U.S.C. § 3568. Prior to its repeal, this section read:

The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which

such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed....

18 U.S.C. § 3568.[1] In his motion, Lucas sought to have credited against his federal sentence all the time between his arrest in November 1987, and his surrender at the federal prison in Atlanta in August 1988, on the grounds that this was time spent "in custody" within the meaning of section 3568. The United States responded to the motion, arguing first that Lucas had not exhausted his administrative remedies before the Bureau of Prisons and therefore that the district court lacked jurisdiction to entertain the motion and, second, that Lucas was not entitled to any credit on the merits of this motion, since he was neither in "custody" nor "official detention" as defined in the statutes and interpreted in the case law. The district court summarily denied the motion and Lucas appeals. We remand with instructions to vacate the order on the motion for lack of jurisdiction.

Because the crime for which Lucas was convicted occurred after November 1, 1987, the effective date of the replacement statute, Lucas' case is governed by 18 U.S.C. § 3585 and not section 3568 as he contends. Section 3585 reads:

(b) CREDIT FOR PRIOR CUSTODY. —A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585(b).

*United States v. Mathis,* 689 F.2d 1364 (11th Cir.1982), dealt with a motion under section 3568, the predecessor to section 3585, in which a prisoner sought credit for time served. This court stated:

The district court did not have jurisdiction to consider the motion because the appellant failed to exhaust his administrative remedies. The Attorney General has the initial discretion to determine credit for appellant's time in custody prior to imposition of sentence.

.     .     .     .

In order for appellant to secure credit ... he must pursue his administrative remedies through the Office of the Attorney General—specifically, through the Federal Prison System, which is under the Attorney General's supervision.

.     .     .     .

After the decision by the Attorney General, a dissatisfied prisoner may seek review of that administrative action. A prisoner should seek early review by the Attorney General, and it is obvious that the Attorney General must render a decision granting or denying credit within the term of the sentence so that the prisoner may have sufficient time in which to seek release.

689 F.2d at 1365. *Accord, United States v. Mitchell,* 845 F.2d 951 (11th Cir.1988).

The prior statute explicitly provided that the Attorney General would determine what credit was due for time served, while the current statute is silent on that subject. The Attorney General, however, has delegated his authority in this area to the Bureau of Prisons.[2]

---

1. As to repeal, see Sentencing Reform Act of 1984, Pub.L. No. 98–473, § 212(a)(2), 98 Stat. 1987 (1984), effective date set forth in Sentencing Reform Act of 1984, Pub.L. No. 98–473, § 235(a)(1), 98 Stat. 1987, 2031 (1984), as amended by Sentencing Reform Amendments Act of 1985, Pub.L. No. 99–217, § 4, 99 Stat.

1728 (1985), and appearing as 18 U.S.C. § 3551 note.

2. 28 C.F.R. § 0.96 (1989) states that "[t]he Director of the Bureau of Prisons is authorized to exercise or perform any of the authority, functions, or duties conferred or imposed upon the Attorney General by any law relating to the

Our examination of the current statute and its legislative history leads us to conclude that Congress did not intend any change in assigning this determination. The Attorney General has the authority to make this determination, and he has delegated the right to make the determination to the Bureau of Prisons. The Bureau has established regulations governing formal review of inmate complaints relating to any aspect of imprisonment. *See* 28 C.F.R. §§ 542.10 to .16 (1989). These regulations were not changed following enactment of section 3585(b) and they set out the procedures that prisoners must pursue prior to seeking relief in a district court.

This circuit has held that exhaustion of these administrative remedies is jurisdictional. *Mitchell,* 845 F.2d 951; *Mathis,* 689 F.2d 1364. Again, we find nothing under the new law intended to change this result. We therefore REMAND this case to the district court with instructions to vacate its order denying appellant's motion and to enter an order dismissing the motion for lack of jurisdiction.

commitment, control, or treatment of persons ... charged with or convicted of offenses against the United States...."

Determination of credit for time served relates to the commitment of federal prisoners.

Therefore, this all inclusive delegation of authority clearly is sufficiently broad to encompass delegating this authority to the Bureau of Prisons.