966 F.2d 1455
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eric LEWIS, Defendant-Appellant.
 No. 91-2384.
 United States Court of Appeals, Sixth Circuit.
 June 17, 1992.
 
 Before MERRITT, Chief Judge, MILBURN, Circuit Judge, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Eric Lewis, a pro se federal prisoner, appeals a district court judgment denying his motion for sentence credit for the time he spent while released on bond pursuant to 18 U.S.C. § 3585(b). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Lewis pleaded guilty to charges of possession with intent to distribute a controlled substance (cocaine), and aiding and abetting. He was sentenced to 87 months imprisonment which he began serving on August 13, 1991. After being incarcerated, Lewis filed a motion in the district court which has been construed as a motion for sentence credit for the time he spent while released on bond from November 13, 1990 until August 13, 1991, when he commenced serving his sentence. The conditions of his release contained the following restrictions:
 
 
 3
 1. He was to report to pre-trial services via one office visit and one telephone contact per week.
 
 
 4
 2. His travel was restricted to the three county area of metropolitan Detroit.
 
 
 5
 3. He was to reside with and be in the custody of his father.
 
 
 6
 4. He was to have no contacts with co-defendants.
 
 
 7
 5. He was to submit to urinalysis as directed.
 
 
 8
 6. He was to abide by a 10:00 p.m. curfew.
 
 
 9
 7. He was to be monitored by an ankle tether.
 
 
 10
 The district court denied Lewis's motion, finding that he was not in "official detention" and, therefore, was not entitled to sentence credit under 18 U.S.C. § 3585(b).
 
 
 11
 Lewis filed a timely notice of appeal reasserting the same ground for relief that he raised in the district court. Both parties have filed briefs.
 
 
 12
 Upon review, we conclude that Lewis's motion for credit for time served while on bond pursuant to 18 U.S.C. § 3585(b) was not properly before the district court because Lewis had not exhausted his administrative remedies with the United States Attorney General before filing his motion for sentence credit in the district court. See United States v. Wilson, 112 S.Ct. 1351, 1354-55 (1992) (U.S. Attorney General must compute sentence credit under 18 U.S.C. § 3585(b)); United States v. Lucas, 898 F.2d 1554, 1555-56 (11th Cir.1990) (per curiam) (district court has jurisdiction to review claim for sentence credit only after claim has been reviewed by U.S. Attorney General).
 
 
 13
 Accordingly, we hereby vacate the district court's judgment and remand the case to the district court with instructions to dismiss Lewis's motion for sentence credit for lack of jurisdiction. Rule 9(b)(3), Rules of the Sixth Circuit.