**UNITED STATES of America**

v.

**Michael Brent GENTRY and Kimberly A. Gentry.**

**Crim. A. No. CR189–036.**

United States District Court, S.D. Georgia, Augusta Division.

Oct. 20, 1992.

Richard H. Goolsby, Asst. U.S. Atty., Savannah, Ga., for U.S.

Richard E. Allen, Augusta, Ga., for Michael Brent and Kimberly A. Gentry.

## ORDER

BOWEN, District Judge.

Before the Court is the Motion for Bail Time Credit of Petitioners Michael Brent Gentry and Kimberly A. Gentry. On Octo-ber 4, 1989, Petitioners entered a plea of guilty to a two-count information charging them with conspiracy to distribute in excess of 100 grams of methamphetamine and using a firearm during a drug trafficking crime. The Court, on May 20, 1991, sentenced each petitioner to serve sixty months in prison.

Petitioners' motion relies on 18 U.S.C. § 3568.[1] In response, the United States argues that the Court does not have jurisdiction to consider this motion because Petitioners have not exhausted their administrative remedies. Alternatively, the United States asserts that the controlling statute is 18 U.S.C. § 3585(b), which allows credit only for time spent in "official detention." Petitioners' motion fails because this court lacks jurisdiction, and, even if jurisdiction could be established, their bail time does not qualify under § 3585(b) as "official detention."

■ The court lacks jurisdiction to entertain Petitioners' motion because there is no showing that they have exhausted their administrative remedies. Interpreting § 3585(b) in light of its now repealed predecessor, § 3568, and relevant regulations and legislative histories, the Eleventh Circuit Court of Appeals held that a federal court does not have jurisdiction over a motion to allow credit for time served until the petitioner has exhausted the available administrative remedies. *United States v. Lucas*, 898 F.2d 1554, 1556 (11th Cir. 1990)[2]; *cf. United States v. Mathis*, 689

---

1. Before its repeal, 18 U.S.C. § 3568 provided that:

   The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed....

   *United States v. Lucas*, 898 F.2d 1554, 1554–55 (11th Cir.1990) (quoting 18 U.S.C. § 3568).

2. Although the Eleventh Circuit Court of Appeals' decision in *Lucas* clearly establishes that in this circuit the exhaustion of administrative remedies is a jurisdictional prerequisite, and the Seventh Circuit has adopted a similar interpretation, *see United States v. Brumbaugh*, 909 F.2d 289 (7th Cir.1990), other circuits do not embrace the *Lucas* interpretation. *See, e.g., United States v. Chalker*, 915 F.2d 1254 (9th Cir.1990); *United States v. Zackular*, 945 F.2d 423 (1st Cir.1991). The United States Supreme Court, however, at least hints that *Lucas* properly interpreted the new § 3585(b) by holding in *United States v. Wilson*, —— U.S. ——, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992), that under § 3585(b) the Attorney General, rather than the courts, is to compute the amount of credit available. In so holding, the Court places great emphasis on its determination that timing considerations make it impossible for a sentencing court to apply § 3585(b); however, *Wilson* is analogous to *Lucas* in that both decisions emphasize the

F.2d 1364 (11th Cir.1982) (holding that, under the now repealed predecessor to § 3585(b), exhaustion of administrative remedies was a prerequisite to district court jurisdiction).[3]

The administrative remedies and procedures that must be pursued to establish district court jurisdiction are set forth in Administrative Remedies, 28 C.F.R. §§ 542.10–542.16. The provisions of §§ 542.10–542.16 were interpreted in *United States v. Herrera,* 931 F.2d 761 (11th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1588, 118 L.Ed.2d 306 (1992), where the court explained that:

> The Administrative Remedy Procedure requires those [officials] at the institutional, regional and central offices to conduct an investigation into each complaint or appeal (§ 542.11(a)(3)); requires inmates to [first] informally present their complaints to staff who must attempt to informally resolve any issue before the inmate files a request for administrative remedy (§ 542.13(a)); and if the inmate is unable to resolve his complaint he may file a formal written complaint (§ 542.-13(b)). The Warden is required to file a response. If the inmate is not satisfied he may appeal to the Regional Director. If he is not satisfied with the Regional Director's response, he may appeal to the General Counsel. (§§ 542.14, 542.15). If, and only if, the defendant has pursued his administrative remedy may he seek relief in the district court.

*Id.* at 764. As there has been no showing that Petitioners have exhausted their administrative remedies, the Court has no jurisdiction to decide their motion for bail time credit.

■ Even if Petitioners had exhausted their administrative remedies, application of 18 U.S.C. § 3585(b) would require that their motion be denied. Although Petitioners base their motion on 18 U.S.C. § 3568, it is § 3585(b) that now controls sentencing credit. Section 3568 was repealed on October 12, 1984, by Pub.L. No. 98–473, § 212(a)(1), 98 Stat. 1987 (effective Nov. 1, 1987). Because the crimes for which Petitioners were convicted were committed after November 1, 1987,[4] the following provisions of § 3585(b) apply:

> (b) CREDIT FOR PRIOR CUSTODY.
>
> —A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent *in official detention* prior to the date the sentence commences—
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b) (emphasis supplied). The evidence offered by Petitioners in support of their motion—travel restricted to a two-county area, daily reports to pretrial services, a curfew, random urinalysis, and a requirement that employment be maintained—is insufficient to qualify as "official detention" so as to warrant credit under § 3585(b).

Because Petitioners have not exhausted their administrative remedies, their Motion for Bail Time Credit is DISMISSED for lack of jurisdiction.

---

central role played by the Attorney General in the application of § 3585(b).

3. Petitioners' reliance on *Brown v. Rison,* 895 F.2d 533 (9th Cir.1990), to support their contention that exhaustion of administrative remedies is not a jurisdictional requirement is misplaced because, notwithstanding the fact that the case dealt with the now repealed predecessor to § 3585(b), *Brown* does not reflect the law in this circuit.

4. Petitioners' crime of conspiracy to distribute in excess of 100 grams of methamphetamine was committed during a period beginning on or about August 8, 1988, and ending on or about September 9, 1989, as well as additional periods before and after the period set forth above. Petitioners' crime of using a firearm during a drug trafficking crime was committed on or about September 4, 1989.