[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**February 2, 2006**
**THOMAS K. KAHN**
**CLERK**

_____

No. 05-14349
Non-Argument Calendar
_____

D. C. Docket No. 04-00300-CV-LSC-S

JEFFERY B. HICKS,

Petitioner-Appellant,

versus

MARTHA L. JORDAN,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(February 2, 2006)**

Before BLACK, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Jeffery B. Hicks, a pro se federal prisoner, appeals the district court's

dismissal of his petition for writ of habeas corpus, which was filed pursuant to 28 U.S.C. § 2241. Hicks's petition was dismissed because he failed to exhaust his administrative remedies, and alternatively, on the merits. On appeal, Hicks argues that the Government waived any failure to exhaust administrative remedies because the Government addressed the substance of Hicks's claims in its arguments. Hicks also contends that because he wrote several letters to the Bureau of Prisons ("BOP") regarding his *nunc pro tunc* claim for a time credit–and was advised to seek relief in federal court–exhaustion of administrative remedies would have been futile.

Where a petition for writ of habeas corpus is brought pursuant to 28 U.S.C. § 2241, the exhaustion of administrative remedies is jurisdictional. *See Winck v. England*, 327 F.3d 1296, 1300 n.1 (11th Cir. 2003); *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) (per curiam). We must resolve jurisdictional issues before we address the merits of any underlying claims. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-102, 118 S. Ct. 1003, 1012-16, 140 L. Ed. 2d 210 (1998). A ruling on subject matter jurisdiction is reviewed de novo, as is a denial of habeas relief under § 2241. *See MacGinnitie v. Hobbs Group, LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005); *Skinner v. Wiley*, 355 F.3d 1293, 1294 (11th Cir.) (per curiam), *cert. denied*, 541 U.S. 1036, 124 S. Ct. 2112, 158 L. Ed. 2d 722

2

(2004).

The Attorney General has the authority to determine what credit, if any, is due a prisoner for time served, and the Attorney General has delegated the right to make this determination to the BOP.  *See Rodriguez v. Lamer*, 60 F.3d 745, 747 (11th Cir. 1995); *United States v. Lucas*, 898 F.2d 1554, 1555-56 (11th Cir. 1990) (per curiam).  A prisoner seeking credit against his sentence for time in custody must exhaust BOP administrative remedies, or else the district court has no jurisdiction to hear his claims.  *Lucas*, 898 F.2d at 1556.  The BOP has established regulations governing formal review of inmate complaints relating to any aspect of imprisonment.  *See id.*; 28 C.F.R. §§ 542.10-.19.  These regulations "set out the procedures that prisoners must pursue prior to seeking relief in a district court." *Lucas*, 898 F.2d at 1556.[1]  The regulations include an appeals process that allows the BOP's General Counsel to make the ultimate decision.  *See* 28 C.F.R. § 542.15(a).

Hicks does not dispute the Government's claim that he failed to pursue fully the regulatory scheme outlined above.  Rather, he contends that (1) the Government waived any failure to exhaust on his part by addressing the merits of

---

[1] Although the regulations have been revised since *Lucas*, we do not believe these revisions render *Lucas*'s description of the BOP regulatory scheme any less accurate.  *See, e.g.*, Administrative Remedy Program, 59 Fed. Reg. 50,179 (Oct. 3, 1994) (proposed rule); 61 Fed. Reg. 86 (Jan. 2, 1996) (final rule) (codified at 28 C.F.R. pt. 542).

his case, and (2) in any event, exhaustion would have been futile and was therefore unnecessary. Given our precedent that the exhaustion requirement in § 2241 cases such as Hicks's is jurisdictional, whether he may even assert a waiver or futility exception to the requirement is questionable.[2] Assuming, without deciding, that Hicks may indeed argue these exceptions, his arguments prove unavailing. The Government did not waive the issue of administrative exhaustion by arguing alternatively that Hicks's claims failed on the merits. *See* Fed. R. Civ. P. 8(e) (permitting the assertion of alternative and even inconsistent defenses).

With respect to futility, Hicks notes that he sent several letters concerning his *nunc pro tunc* requests to a BOP official, a Regional Inmate Systems Administrator ("RISA"). According to Hicks, the RISA explained that the BOP could not grant the relief Hicks sought, and indicated that Hicks would have to go federal court for such relief. We are not persuaded that Hicks's correspondence

---

[2] *Lucas* concluded that the exhaustion requirement in § 2241 cases was jurisdictional after examining 18 U.S.C. § 3585 and its predecessor, 18 U.S.C § 3568. *See* 898 F.2d at 1554-56. We have reasoned that "[a]lthough judicially developed exhaustion requirements might be waived for discretionary reasons by courts, *statutorily* created exhaustion requirements bind the parties and the courts." *Richardson v. Reno*, 162 F.3d 1338, 1374 (11th Cir. 1998) (emphasis added), *judgment vacated on other grounds*, 526 U.S. 1142, 119 S. Ct. 2016, 143 L. Ed. 2d 1029 (1999). Failure to comply with statutory exhaustion requirements deprives a court of jurisdiction; thus "mandatory statutory exhaustion is not satisfied by a judicial conclusion that the requirement need not apply due to futility." *Id.*; *cf. Gallo Cattle Co. v. United States Dep't of Agric.*, 159 F.3d 1194, 1197 (9th Cir. 1998) ("[W]hile judicially-created exhaustion requirements may be waived by the courts for discretionary reasons, statutorily-provided exhaustion requirements deprive the court of jurisdiction and, thus, preclude any exercise of discretion by the court."). *But see Rodriguez*, 60 F.3d at 747 (declining to address exhaustion in § 2241 context where Government did not raise issue of petitioner's failure to exhaust).

with the RISA about Hicks's *nunc pro tunc* requests demonstrates that full use of the administrative remedies available to Hicks would have been futile. The regulatory scheme includes a process for appeal to the Regional Director, and ultimately, the General Counsel. *See* 28 C.F.R. § 542.15(a). It is not clear that use of this process would have been meaningless. *Cf. Alexander v. Hawk*, 159 F.3d 1321, 1327 (11th Cir. 1998) (describing, in context of the Prison Litigation Reform Act, numerous policy reasons favoring exhaustion, including the avoidance of premature interruptions in the administrative process and allowing an agency to discover and correct its own errors). Indeed, compliance with BOP procedures helps ensure that, prior to judicial review, the BOP takes a coherent, definitive position on the merits of a petitioner's complaint. *Cf. Von Hoffburg v. Alexander*, 615 F.2d 633, 639 (5th Cir. 1980) (explaining that if the outcome of administrative proceedings is adverse to the plaintiff, "the court will at least have a definitive interpretation of the regulation and an explication of the relevant facts from the highest administrative body" in an entity's internal appellate system).[3] The district court properly dismissed Hicks's petition for lack of subject matter jurisdiction.

**AFFIRMED.**

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.