[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-12655
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 6, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:97-cr-00838-JAL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFREDO BERRIO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 6, 2011)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Alfredo Berrio appeals his 130-month sentence, imposed within the

applicable guideline range, after pleading guilty to a single count of conspiracy to

import cocaine, in violation of 21 U.S.C. § 963. Before Berrio pled guilty, he fled the country and failed to appear at his initial plea hearing. The district court then issued a warrant for his arrest. In 2003, after Berrio was arrested in Brazil for an unrelated offense, provisional warrants were issued for Berrio's extradition to the United States. On direct appeal, Berrio argues that he should be given credit for the time he served in prison in Brazil from the time he was served the provisional arrest warrants in 2003 for the instant charge until the time his United States sentence commenced.

The Attorney General through the BOP, and not the district courts, is authorized, under 18 U.S.C. § 3585(b), to compute sentence credit awards after sentencing. *Dawson v. Scott*, 50 F.3d 884, 889 (11th Cir. 1995). The Attorney General delegated his authority in this area to the BOP. *United States v. Lucas*, 898 F.2d 1554, 1555-56 (11th Cir. 1990). We have held that the granting of credit for time served is in the first instance an administrative, not a judicial, function. *United States v. Flanagan*, 868 F.2d 1544, 1546 (11th Cir. 1989). The district court, therefore, cannot circumvent the Attorney General's initial discretion concerning whether to credit a defendant's time in custody prior to sentencing. *Lucas,* 898 F.2d at 1555.

Furthermore, an inmate must exhaust his administrative remedies with the

BOP before seeking judicial relief. *Id.* In fact, the district court does not have jurisdiction to consider a defendant's claim if he fails to exhaust his administrative remedies. *Id.*

A claim concerning credit for time served is not appropriate on direct appeal, and should be filed as a writ of habeas corpus pursuant to 28 U.S.C. § 2241, against the BOP. *See, e.g., Rodriguez v. Lamar*, 60 F.3d 745, 746 (11th Cir. 1995) (noting that defendant filed a § 2241 petition seeking credit for time he spent at his home under pre-trial, restrictive conditions); *Dawson*, 50 F.3d at 886 (noting that defendant filed a § 2241 petition after exhausting his BOP administrative remedies, seeking credit for time he spent at a halfway house). Accordingly, we will not consider Berrio's claims here on direct appeal.

Upon review of the record and consideration of the parties' briefs, we affirm.

**AFFIRMED.**[1]

---

[1] Berrio's request for oral argument is denied.