[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14963
Non-Argument Calendar
_____

D.C. Docket No. 2:17-cr-14008-RLR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH ARTHUR COATES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 21, 2019)

Before MARTIN, ROSENBAUM, and FAY, Circuit Judges.

PER CURIAM:

Joseph Coates, a federal prisoner proceeding pro se, appeals the district court's order denying his pro se "Motion to Amend Sentence to Include Credit for Prior Custody." After careful review, we vacate the district court's order and remand the case with instructions to dismiss Coates's motion without prejudice for lack of jurisdiction.

## I.

On December 7, 2016, Coates was arrested in Martin County, Florida on charges of driving under the influence. Coates told the arresting officer that he is a citizen of Canada who reentered the United States after being deported. Immigration officials were advised of Coates's statements and an immigration agent visited Coates in the Martin County jail to interview him and confirm his identity. Coates remained in state custody from the date of his arrest until February 16, 2017, when he was taken into federal custody based on a January 24, 2017 indictment charging him with one count of illegal reentry after deportation in violation of 8 U.S.C. § 1326(a), (b)(2), and one count of failure to register and update a registration as required by the Sex Offender Registration and Notification Act in violation of 18 U.S.C. § 2250.

In May 2017, Coates pled guilty to both counts. On June 29, 2017, the district court sentenced Coates to 30-months imprisonment and 5 years of supervised release. Coates did not appeal his convictions or sentence.

On October 4, 2018, Coates mailed a pro se "Motion to Amend Sentence to Include Credit for Prior Custody." In his motion, Coates claimed he is entitled to prior custody credit under 18 U.S.C. § 3585(b) for the 204 days he spent incarcerated from the time of his arrest by state authorities on December 7, 2016 to the time of his sentencing in federal court on June 29, 2017.

The government opposed Coates's motion. The government argued Coates's motion constituted an untimely motion to correct his sentence under Federal Rule of Criminal Procedure 35(a). The government also said that, even if Coates's motion was timely, the district court should deny it on the merits because Coates is not entitled to credit for the time he served in state custody and because Coates filed his motion without first exhausting administrative remedies. The district court denied Coates's motion for the reasons set out in the Government's response. Coates now appeals the district court's order.

## II.

On appeal, Coates argues he is entitled to 133 days of custody-credit under 18 U.S.C. § 3585 for the time he spent incarcerated from February 16, 2017 (the day he was taken into federal custody) to June 29, 2017 (the day he was sentenced in federal court). Under 18 U.S.C. § 3585(b), "[a] defendant shall be given credit" for time served in official detention "that has not been credited against another sentence." But in United States v. Wilson, 503 U.S. 329, 112 S. Ct. 1351 (1992),

3

the Supreme Court held that "§ 3585(b) does not authorize a district court to compute the credit at sentencing." Id. at 334, 112 S. Ct. at 1354. Instead, the Attorney General, acting through the Bureau of Prisons ("BOP"), is responsible for initially calculating credit for time served. See id. at 334–35, 112 S. Ct. at 1355–56; see also United States v. Alexander, 609 F.3d 1250, 1259–60 (11th Cir. 2010).

This Court has clarified that "prisoners may seek judicial review of the [time-served] calculation only after exhausting administrative remedies." Alexander, 609 F.3d at 1259–60. That is, to seek credit for time served, a prisoner must first use the BOP's formal process for filing a complaint. See United States v. Lucas, 898 F.2d 1554, 1556 (11th Cir. 1990) (per curiam) (citing 28 C.F.R. §§ 542.10–.16). Only after the BOP has issued a decision may a prisoner seek judicial review of that administrative action. See id. at 1555. The federal courts lack jurisdiction over requests for custody-credit that were not first asserted before the BOP. See id. at 1555–56.

Nothing in the record before us here indicates Coates exhausted his administrative remedies before filing his request with the district court. The district court therefore lacked jurisdiction to consider Coates's motion. Instead of denying Coates's motion, the district court should have dismissed it. We vacate the district court's order and remand with instruction to enter an order dismissing

4

the motion without prejudice for lack of jurisdiction so Coates may pursue any

administrative remedies available to him.[1]

**VACATED AND REMANDED.**

---

[1] In his appeals brief, Coates does not suggest he intended his motion as a request to correct his sentence under Federal Rule of Criminal Procedure 35(a). Even so, we would still vacate and remand with instructions to dismiss Coates's motion for lack of jurisdiction. A Rule 35(a) motion must be filed within 14 days after sentencing, and this Court has said the time limit set out in Rule 35(a) is jurisdictional. Fed. R. Crim. P. 35(a); United States v. Phillips, 597 F.3d 1190, 1196–97 (11th Cir. 2010). Because Coates filed his motion more than a year after sentencing—well outside of the 14-day window permitted by Rule 35(a)—the district court did not have jurisdiction to consider a request under Rule 35(a). The district court therefore should have dismissed the motion instead of denying it.