[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11089

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM SERNA-ARROYAVE,
a.k.a. Cuuper,
a.k.a. Cooper,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:16-cr-00325-MHC-LTW-1

———————————

Before JILL PRYOR, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

William Serna-Arroyave appeals the district court's denial of his motion for rehearing of its denial of his motion for jail time credit.  He argues that that the district court erred in calculating his jail time credit because it failed to include all the time he served in between his arrest in Costa Rica on July 3, 2019, and his sentencing on September 21, 2021.

We are required to examine our jurisdiction *sua sponte*, and we review jurisdictional issues *de novo*.  *United States v. Lopez*, 562 F.3d 1309, 1311 (11th Cir. 2009).

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences that has not been credited against another sentence.  *See* 18 U.S.C. § 3585(b).  In interpreting § 3585(b), the Supreme Court has held that the Attorney General, through the Bureau of Prisons ("BOP"), is authorized to compute time-served credit, not the district courts.  *United States v. Wilson*, 503 U.S. 329, 333-35 (1992).  Accordingly, a district court cannot award time-served credit under § 3585(b).  *Id.*  Federal offenders seeking credit for time spent in presentence custody must first exhaust all administrative remedies through the BOP before seeking review in federal court.  *Rodriguez v. Lamer*, 60 F.3d 745, 747 (11th Cir. 1995).  The procedures a defendant must follow in

this respect are set out in 28 C.F.R. §§ 542.10–542.16. *United States v. Lucas*, 898 F.2d 1554, 1556 (11th Cir. 1990). Those regulations require a defendant to, *inter alia*, submit an initial filing to an appropriate member of staff at his correctional institution, *see* 28 C.F.R. § 542.14(c)(4), and then, if he is not satisfied, he can file a motion under 28 U.S.C. § 2241. *United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000). Exhaustion of administrative remedies is jurisdictional. *Lucas*, 898 F.2d at 1556.

We conclude that this issue is not ripe for judicial review because the record fails to show that Serna-Arroyave has exhausted his administrative remedies before the BOP for review of credit received for time served, and he also did not seek credit for time served in a 28 U.S.C. § 2241 petition.

We thus vacate the district court's order and remand with instructions to enter an order dismissing the motion for lack of jurisdiction without prejudice so that Serna-Arroyave may exhaust his administrative remedies.

**VACATED AND REMANDED.**