[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11791

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ANTONIOUS G. LOCKHART,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:17-cr-00001-LAG-CHW-1

_____

Before WILSON, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Antonious Lockhart, proceeding pro se, appeals from the district court's denial of his motion seeking credit for time served in a prior state sentence under 18 U.S.C. § 3585(b) and a modification of his sentence based on an alleged misapplication of U.S.S.G. § 5G1.3(b). In response, the government argues that Lockhart's appeal should be dismissed for two reasons: (1) Lockhart's appeal is untimely, and (2) he failed to exhaust his administrative remedies.

We initially remanded to the district court to determine whether Lockhart timely appealed. The district court found that he did. Now, we turn to the government's second argument about dismissal—Lockhart's failure to exhaust his administrative remedies. We find that the district court lacked subject matter jurisdiction to entertain Lockhart's motion because Lockhart failed to exhaust his administrative remedies. Thus, we vacate and remand to the district court to dismiss for lack of subject matter jurisdiction.

## I.

In 2017, a grand jury indicted Lockhart on the following charges: one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); one count of carrying a firearm in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); and one count of simple possession of marijuana and methamphetamine, in violation of 21 U.S.C. § 844(a). Pursuant to a plea agreement, Lockhart

pleaded guilty to one count of being a felon in possession of a fire-arm, and the government agreed to dismiss the other charges. In December 2017, the district court sentenced Lockhart to 120 months' imprisonment, to run consecutive to his sentence for revocation of parole in prior state conviction, followed by three years of supervised release.

In March 2022, Lockhart moved to receive credit against his federal sentence for time-served in state custody under 18 U.S.C. § 3585(b) and U.S.S.G. § 5G1.3(b). The district court denied Lockhart's motion for a reduction of sentence, explaining that his motion was "tantamount to his prior request for a concurrent sentence," and that any argument that his federal detainer delayed his state parole was speculative and "ha[d] no bearing on the [c]ourt's intention that the federal sentence begin after service of the state sentence to achieve reasonable punishment for the instant offense."

The district court dated its order March 13, 2022, but it was not entered on the docket until April 13, 2022. Lockhart filed a notice of appeal, which this court docketed on May 23, 2022.

On appeal, the government argued that Lockhart's appeal was untimely. When the government asserts timeliness as an issue on appeal, we must apply the time limits of Federal Rule of Appellate Procedure 4(b).[1]  *United States v. Lopez*, 562 F.3d 1309, 1314

---

[1] We treat post-judgment motions for a sentence reduction as a continuation of a criminal case. *See United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003)

(11th Cir. 2009).  But in this case, there was conflicting evidence about whether Lockhart delivered his notice of appeal to prison authorities.  While there was no date on his paperwork, under penalty of perjury Lockhart said that he gave his packet to the mailroom on April 21—six days before the deadline to appeal.  Because this was a factual question for the district court to resolve, *Sanders v. United States*, 113 F.3d 184, 186 n.2 (11th Cir. 1997) (per curiam), we remanded the case to the district court to determine, as a factual matter, whether Lockhart's notice of appeal was timely.  *United States v. Lockhart*, No. 22-11791, 2023 WL 1097777, at *1 (11th Cir. Jan. 30, 2023) (per curiam).

At the request of the district court, the government filed a response to the question of timeliness, and Lockhart replied.  The district court explained that, when a filing is undated, the burden is on the government to prove that the prisoner did not deliver the filing to the prison officials when the prisoner claimed to have delivered it.  The government submitted an affidavit from the supervisor of the mailroom at FCI Williamsburg, where Lockhart was located, and said that once an inmate brings mail to the mailroom, it is taken to the post office no later than the next business day but often sooner.  Yet the supervisor did not have specific knowledge about Lockhart bringing his mail to the mailroom.  Considering this evidence, which the district court described as bare, the district court found the government did not meet its burden nor had it

_____

(per curiam).  Federal Rule of Appellate Procedure 4(b) provides a 14-day period to file a notice of appeal in criminal cases.  Fed. R. App. P. 4(b)(1)(A)(i).

shown that Lockhart's statement under penalty of perjury was not credible. Thus, the district court found that Lockhart timely appealed.

The case was returned to this court, and now we address the government's second jurisdictional argument.

## II.

The government argues that Lockhart failed to exhaust his administrative remedies and, as a result, the district court lacked subject matter jurisdiction to hear Lockhart's motion. This court reviews the district court's subject matter jurisdiction de novo. *United States v. Iguaran*, 821 F.3d 1335, 1336 (11th Cir. 2016) (per curiam).

Under 18 U.S.C. § 3585(b), "a defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences as a result of the offense for which the sentence was imposed," or "as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed." "Authority to calculate credit for time served under [§] 3585(b) is vested in the Attorney General [through the Bureau of Prisons], not the sentencing court." *United States v. Alexander*, 609 F.3d 1250, 1259 (11th Cir. 2010). "Federal regulations have afforded prisoners administrative review of the computation of their credits, and prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies." *United States v. Wilson*, 503 U.S. 329, 335 (1992) (internal

citations omitted).  Exhaustion of administrative remedies is a jurisdictional requirement. *United States v. Lucas*, 898 F.2d 1554, 1556 (11th Cir. 1990) (per curiam).

Here, no evidence exists in the record, either before the district court or this court, that Lockhart exhausted his administrative remedies with the Bureau of Prisons before moving under § 3585(b) for credit against his federal sentence for time-served in prior state custody.  Thus, the district court lacked jurisdiction to rule on the merits of Lockhart's motion for sentencing credit under § 3585(b).

We vacate the district court's order and remand to the district court with instructions to enter an order dismissing the motion for lack of jurisdiction.[2]

**VACATED and REMANDED**.

---

[2] The government also argued that on the merits, the district court properly denied Lockhart's motion to modify his sentence.  Because we find that the district court lacked subject matter jurisdiction to consider the merits of Lockhart's motion, we do not address this argument.