[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-12390

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

WILLIE PARKS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:06-cr-00076-RWS-AJB-1

_____

Before NEWSOM, GRANT, and ABUDU, Circuit Judges.

PER CURIAM:

Willie Parks, a federal prisoner proceeding *pro se*, appeals the denial of his post-conviction motion challenging portions of his presentence investigation report ("PSI")—in hopes of forcing the Bureau of Prisons ("BOP") to recalculate and modify his custodial sentence—and the denial of his motion for reconsideration which sought similar relief.

In 2009, Parks was tried and convicted of attempting to distribute cocaine, 21 U.S.C. § 841(a)(1), (b)(1)(C), and unlawfully possessing firearms and ammunition as a convicted felon, 18 U.S.C. §§ 922(g) & 924(e).  He was sentenced to a total of 293 months' imprisonment and the judgment did not specify whether that federal sentence would be concurrent to any pending state sentences. Parks appealed, but this Court affirmed his convictions and total sentence.  *United States v. Parks*, 399 F. App'x 446 (11th Cir. 2010) (unpublished), *cert. denied*, 562 U.S. 1301 (2011).  Parks has filed several post-judgment motions, but they have not been successful.

In 2022, Parks filed a "motion for clarification," which sought to modify his sentence so that he would receive credit for time he served in state custody from January 9, 2004, through May 20, 2011.  He then filed a "motion to correct [an] omission in" his presentence investigation report ("PSI"), "pursuant to Federal Rule of Criminal Procedure 36."  The latter motion related to the PSI's description of prior state charges, which Parks asserted were improperly described such that the BOP had incorrectly determined

that he should be classified with "a Sex Offender Public Safety Factor." The district court denied both motions and Parks' motion for reconsideration.

The district court denied Parks' motions because: (i) Parks' contentions about his federal and state sentences were unsupported by the record; (ii) it lacked authority to grant Parks the relief he was seeking because the proper avenue for challenging the execution of a federal sentence was through the BOP; and (iii) Parks' federal sentence was properly calculated in any event. In denying Parks' motion for reconsideration, the court concluded that Parks' new arguments did not "alter [its] analysis" because "[e]ven if Parks was correct" that one of his state court convictions was "related" to his federal conviction, the court would decline to grant him relief. It also noted that Parks' attempts to correct the PSI were substantive, rather than clerical, and that the PSI was correct in any event. Parks appealed.

A district court lacks the inherent authority to modify a term of imprisonment after it has been imposed. *United States v. Diaz-Clark*, 292 F.3d 1310, 1317 (11th Cir. 2002). Instead, a court may only modify a term of imprisonment to the extent permitted by a statute or the Federal Rules of Criminal Procedure. *See United States v. McCoy*, 88 F.4th 908, 912 (11th Cir. 2023).

Liberally construing his filings on appeal, Parks argues that the district court abused its discretion in denying his motions because the court had the authority to grant him relief. Parks appears to cite two sources of authority that the district court should have

4                          Opinion of the Court                        23-12390

used.  First, he contends that the district court could have used U.S.S.G. § 5G1.3 to adjust his sentence for the time he served on his state charges.  Second, Parks cites 18 U.S.C. § 3585, which governs the calculation of a term of imprisonment.  He alleges that the errors he has identified show that he was in state custody for 2,366 days without receiving credit on any of his sentences for that time.

We affirm the district court's denial of Parks' motions.  Parks has not identified a source of authority permitting the district court to modify his sentence or the PSI in the manner he sought.  *See Diaz-Clark*, 292 F.3d at 1317; *McCoy*, 88 F.4th at 912.  While U.S.S.G. § 5G1.3 governs the district court's authority to account for time served on a state sentence, that provision of the Guidelines does not provide a post-judgment avenue to collaterally seek that relief.  *Compare* U.S.S.G. § 5G1.3, *with* 18 U.S.C. § 3582(c) (providing a mechanism to modify a previously imposed term of imprisonment), *and* U.S.S.G. § 1B1.10(d) (listing amendments to the Sentencing Guidelines which might justify a sentence reduction under 18 U.S.C. § 3582(c)(2)).[1]

---

[1] We do not read Parks motions before the district court to have been seeking a "modification of [his] imposed term of imprisonment" under 18 U.S.C. § 3582(c), nor do we weigh in on whether a reduction under § 3582(c) would have been appropriate.  We simply note that § 3582(c) authorizes the modification of an already-imposed sentence, unlike the provisions Parks has relied on.  While Parks, in his reply brief, references § 3582 for the first time, we conclude that any argument in this respect is forfeited.  *See, e.g., Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("[W]e do not address arguments raised for the first time in a *pro se* litigant's reply brief.").

In addition, while 18 U.S.C. § 3585 governs the calculation of a term of imprisonment and relates to the execution of Parks' sentence, it does not provide a standalone avenue for collaterally attacking the execution of his sentence. Instead, "[f]ederal regulations have afforded prisoners administrative review of the computation of their credits, and prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies." *United States v. Wilson*, 503 U.S. 329, 335 (1992) (citations omitted). Those administrative remedies are set out in 28 C.F.R. §§ 542.10–16. *See United States v. Lucas*, 898 F.2d 1554, 1556 (11th Cir. 1990), *abrogated in part on other grounds, as recognized by Santiago-Lugo v. Warden*, 785 F.3d 467, 475 n.5 (11th Cir. 2015). After exhausting administrative remedies, "[a 28 U.S.C.] § 2241 action is the appropriate vehicle to challenge a decision of the" BOP in this context. *Antonelli v. Warden*, 542 F.3d 1348, 1352 (11th Cir. 2008).

Finally, while a clerical error can be corrected at any time under Rule 36, Parks has not shown an error, nor an error that can fairly be described as "clerical." *See* Fed. R. Crim. P. 36; *United States v. Portillo*, 363 F.3d 1161, 1165 (11th Cir. 2004) (describing differences between "clerical" and "substantive" error correction).

While we liberally construe *pro se* filings, we do not read Parks to have sought relief under any statute or rule under which the district court had authority to grant relief. *Cf. Campbell v. Air Jam., Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (explaining that we liberally construe *pro se* filings but will not recast *pro se* pleadings

to sustain an action or rewrite filings submitted by *pro se* parties). As we have explained, Parks did not seek relief under § 3582(c), nor under § 2241, and his requests were also not cognizable under Fed. R. Crim. P. 36. Thus, his motions were due to be denied. *See Diaz-Clark*, 292 F.3d at 1317; *McCoy*, 88 F.4th at 912.[2]

For the reasons explained above, we **AFFIRM**.

---

[2] Finally, for the sake of completeness, we note that even if Parks had shown that the district court had the authority to grant him relief, the district court persuasively explained that Parks had not shown any error in his sentence or in the PSI in any event.