**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-12555
Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

ROBERT LEE SAWYER,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:98-cr-00067-TES-CHW-1

————————————

Before NEWSOM, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Robert Sawyer appeals the district court's denial of his motion for compassionate release, pursuant to 18 U.S.C.

§ 3582(c)(1)(A).  For the reasons discussed below, we affirm the district court's order and conclude that the district court did not abuse its discretion in denying the motion.

## I.  FACTUAL AND PROCEDURAL HISTORY

### 1. Middle District of Georgia Conviction and Sentence

On July 16, 1998, a federal grand jury in the Middle District of Georgia indicted Sawyer for (1) possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count 1) and (2) possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g), 924(a), and 924(e) (Count 2).

On February 16, 1999, the district court in the Middle District of Georgia sentenced Sawyer to 240 months' imprisonment, followed by 5 years of supervised release ("Georgia sentence"). The district court then remanded Sawyer into the custody of the U.S. Marshals.

 In 2020, the district court in the Middle District of Georgia reduced Sawyer's sentence to 235 months' imprisonment, pursuant to 18 U.S.C. § 3582(c)(2) and Sentencing Guidelines Amendment 782.

### 2. Southern District of Florida Sentence

Prior to Sawyer's indictment in the Middle District of Georgia, on April 9, 1998, a federal grand jury in the Southern District of Florida indicted Sawyer for one count of possession of a firearm by a convicted felon on or about March 7, 1997, in violation of 18

U.S.C. § 922(g)(1).  An arrest warrant for Sawyer was issued the same day, but was not executed until March 16, 1999, a month after his Middle District of Georgia conviction.  Sawyer initially pled not guilty but later changed his plea to guilty pursuant to a plea agreement.

On August 18, 1999, the district court in the Southern District of Florida sentenced Sawyer to 180 months to run consecutively with his Georgia sentence, followed by 5 years of supervised release ("Florida sentence").  The district court then in the Southern District of Florida remanded Sawyer into the custody of the U.S. Marshals.  Sawyer was delivered to the U.S. Penitentiary in Atlanta, Georgia, on September 9, 1999.

### 3. Motion for Compassionate Release

Of relevance to this appeal, on May 28, 2025, Sawyer filed the instant motion for compassionate release in the Middle District of Georgia, in which he stated that he had completed his 180-month Florida sentence and was presently serving the remainder of his Georgia sentence.  He requested a 37-month reduction to his sentence under the amended 2023 version of U.S.S.G. § 1B1.13(b)(5).  He asserted that he had put himself at imminent risk by assisting law enforcement with investigating and prosecuting dangerous criminals for over two decades, which ultimately led to the convictions of 3 men and helping police solve "13 murders and 34 attempted murders."  Sawyer stated that he had never conditioned his help on receiving any benefits and therefore, his actions can be seen as heroic acts while imprisoned, rather than

self-interested assistance.  He also cited his advanced age, stating that, without a reduction, he would be nearly 62 years old upon release, and noted the associated reduced risk of recidivism.  Sawyer stated that his sentence exceeded those of comparable offenders and that his guilty plea was "an unknowing waiver of his jury right," as it occurred before the Supreme Court's decisions in *United States v. Booker*, 543 U.S. 220 (2005), and *Alleyne v. United States*, 570 U.S. 99 (2013).  Lastly, he argued that, while he was in prison, he had completed extensive programming that assisted in his rehabilitation and prepared him for successful reentry into society.  Along with his motion, Sawyer included, in relevant part, his sentence monitoring computation data sheet as of August 12, 2024, which listed February 16, 1999, as "Date Computation Began," and credited him with 253 days of prior jail credit time, from June 8, 1998, through February 15, 1999.

The government responded in opposition to Sawyer's motion, arguing that, because his Georgia sentence ended no later than February 2019 and sentence reduction motions under § 3582(c)(1)(A) must be brought in the sentencing court, he needed to pursue his motion in the Southern District of Florida.  Thus, the government argued that there was no remaining sentence for the Georgia district court to reduce as Sawyer only remained in prison under a separate, consecutive sentence imposed by another court.

The district court in the Middle District of Georgia denied Sawyer's motion after determining that the authority to reduce a sentence under § 3593(c)(1)(A) lies with the sentencing court and

that because Sawyer was presently serving a sentence imposed by the Southern District of Florida and had fully served the sentence imposed by the Middle District of Georgia, there remained no prison sentence for the court to reduce under § 3582(c)(1)(A).

This appeal ensued.

## II. STANDARDS OF REVIEW

We review whether a prisoner is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) de novo. *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021). We then review "a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion." *Id.*

## III. ANALYSIS

On appeal, Sawyer argues that the district court in the Middle District of Georgia erred in denying his motion because his Southern District of Florida sentence commenced first, and therefore he is currently serving his Middle District of Georgia sentence, giving the Georgia district court the authority to reduce it.

"Generally, a district court may not modify a term of imprisonment once imposed . . . ." *United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005). However, a defendant may move for compassionate release under § 3582(c)(1)(A). 18 U.S.C. § 3582(c)(1)(A). A district court may grant compassionate release if (1) an extraordinary and compelling reason exists; (2) a sentencing reduction would be consistent with U.S.S.G. § 1B1.13; and (3) the 18 U.S.C. § 3553(a) factors weigh in favor of compassionate release. *United*

*States v. Tinker*, 14 F.4th 1234, 1237-38 (11th Cir. 2021); 18 U.S.C. § 3582(c)(1)(A).  When the district court finds that one of these three prongs is not met, it need not examine the other prongs.  *Giron*, 15 F.4th at 1348-50.  Upon a defendant's § 3582(c)(1)(A) motion, a court "may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment)."  U.S.S.G. § 1B1.13(a).

The computation of a federal sentence is governed by 18 U.S.C. § 3585.  A federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."  18 U.S.C. § 3585(a).  Section 3585(b) provides that a defendant "shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences" as a result of (1) the offense for which the sentence was imposed; or (2) any other charge for which he was arrested after the commission of that offense.  *Id*. § 3585(b).  However, "[a]uthority to calculate credit for time served under section 3585(b) is vested in the Attorney General, not the sentencing court."  *United States v. Alexander*, 609 F.3d 1250, 1259 (11th Cir. 2010).  The Attorney General has delegated this authority to the Bureau of Prisons ("BOP").  *See United States v. Lucas*, 898 F.2d 1554, 1555 (11th Cir. 1990).  Moreover, pursuant to the BOP's Sentence Computation Manual, which interprets 18 U.S.C. § 3585(a), a federal sentence commences on the date of imposition if at the time of sentencing

(1) the prisoner is not serving any other federal sentence and (2) he is in exclusive federal custody (not under the jurisdiction of a federal writ of habeas corpus ad prosequendum). FED. BUREAU OF PRISONS, *Sentence Computation Manual—Comprehensive Crime Control Act of 1984, Program Statement 5880.28* 1-12 (1994).

In *United States v. Llewlyn*, 879 F.3d 1291, 1293 (11th Cir. 2018), the district court in the Southern District of Florida denied Llewlyn's § 3582(c)(2) motion to reduce his 110-month Florida sentence on the basis that at the time of filing in 2014, he had already completed his Florida sentence and was now serving a 360-month consecutive sentence imposed in the Western District of North Carolina. Llewlyn filed a motion for reconsideration, arguing that his consecutive sentences should be considered in the aggregate for the purposes of his § 3582(c)(2) motion, which the district court denied. *Id.* We affirmed the denial and concluded that Llewlyn was ineligible for a sentence reduction because he had already served the entirety of his Florida sentence. *Id.* at 1295, 1298. We concluded that Llewlyn had begun serving his Florida sentence first because it was imposed in September 2000, "when no other federal sentence existed," and his North Carolina sentence was imposed in July 2001, meaning he had completed his Florida sentence by 2014. *Id.* at 1295. We pointed out that the second sentencing judge "explicitly directed that Llewlyn serve the 360-month term consecutively to any previously-imposed sentence" and rejected his argument that "term" in U.S.S.G. § 1B1.10 meant "aggregate term," holding that this interpretation "would render the concept of 'consecutive sentences' imposed at different times meaningless." *Id.*

We stated that there was no practical reason to combine Llewlyn's sentences because he "was sentenced in different courts, at different times, and for unrelated crimes." *Id.* at 1297-98.

As noted *supra*, Sawyer argues that his Georgia sentence did not begin until he completed his Florida sentence and that his time in federal custody awaiting his Florida sentencing was not served as part of his Georgia sentence. The facts, however, do not support this argument.

First, Sawyer's Georgia sentence began on February 16, 1999, the day it was imposed, because on that day, he was remanded into the custody of the U.S. Marshals, he was not serving any other federal sentence at the time, and he was in exclusive federal custody. *Sentence Computation Manual—CCCA of 1984, Program Statement 5880.28* at 1-12; 18 U.S.C. § 3585(a); *see Llewlyn*, 879 F.3d at 1295.

Second, Sawyer's Florida judgment stated that the sentence must run consecutively with his Georgia sentence, further demonstrating that his Georgia sentence commenced first.

Third, according to the BOP's sentence computation sheet, Sawyer received "jail credit" from June 8, 1998, through February 15, 1999, the day before his Georgia sentence was imposed. Because § 3585(b) dictates that this credit be awarded for time spent in official detention prior to the date the sentence commences, the lack of "jail credit" for the time Sawyer spent awaiting his Florida sentencing indicates that his Georgia sentence had commenced on

February 16, 1999, thus no longer entitling him to credit for prior custody.  18 U.S.C. § 3585(b).

Sawyer also attempts to distinguish the government's reliance on *Llewlyn* and argues that, even if his Georgia sentenced commenced first, the Georgia district court retains the authority to reduce his overall time in detention.  We are not persuaded.  Although Sawyer is correct that *Llewlyn* involved a sentence reduction motion under § 3582(c)(2), not § 3582(c)(1)(A), in *Llewlyn*, this Court confirmed that the defendant's Florida sentence began first because it was imposed first and he was not serving another federal sentence at the time.  879 F.3d at 1295.  This conclusion also applies to the sequencing of Sawyer's sentences even if the impetus for the requested sentence reduction was different.  Additionally, like Llewlyn, Sawyer's sentences came from "different courts, at different times, and for unrelated crimes," which the *Llewlyn* panel explicitly refused to treat in the aggregate because it would render the concept of consecutive sentences "meaningless."  879 F.3d at 1295, 1297-98.

We thus conclude that the district court correctly determined that it lacked authority to reduce Sawyer's sentence because, like the defendant in *Llewlyn,* Sawyer began serving his Georgia sentence on the day it was imposed and by the time he had filed his motion for compassionate release, he had completed that sentence, leaving nothing for the district court in the Middle District of Georgia to reduce.

## IV. CONCLUSION

For the reasons stated, we affirm the district court's denial of Sawyer's motion for compassionate release.

**AFFIRMED.**